22796

Frank Victor SOSEBEE, Petitioner v. William D. LEEKE, Commissioner, South Carolina Department of Corrections, and the Attorney General of South Carolina, Respondents.

(362 S. E. (2d) 22)

Supreme Court

*David I. Bruck*, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen., Donald J. Zelenka,* and *Asst. Atty. Gen. William A. Ready, III,* Columbia, *for respondents.*

Submitted Sept. 24, 1987.

Decided Nov. 9, 1987.

HARWELL, Justice:

Petitioner was convicted of criminal sexual conduct in the second degree and kidnapping. He was sentenced to consecutive sentences of 20 years for criminal sexual conduct and life imprisonment for kidnapping. We affirmed both convictions in *State v. Sosebee*, 284 S. C. 411, 326 S. E. (2d) 654 (1985). Petitioner filed an application for Post-Conviction Relief (PCR), which was denied following an evidentiary hearing. We granted Petitioner's Petition for Certiorari on the question of whether he received effective assistance of counsel at trial. We hold that he did not and reverse and remand for a new trial.

Petitioner's allegation of ineffective assistance of counsel first raises the question of whether the representation was within the range of competence demanded of attorneys in criminal cases. *Watson v. State*, 287 S. C. 356, 338 S. E. (2d) 636 (1985). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U. S. 668, 688, 104 S. Ct. 2052, 2065, 80 L.Ed. (2d) 674, 693 (1984). The second prong of the *Strickland* test requires a showing that trial counsel's deficient performance so prejudiced the defense "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U. S. at 694, 104 S. Ct. at 2068, 80 L. Ed. (2d) at 693.

Petitioner claims he was denied effective assistance of counsel because his attorney failed to object to two prejudicial comments made by the trial judge:

## COMMENT 1

The victim testified that several days after the incident Petitioner drove up beside her and spoke to her in the parking lot near her barracks.[1] On cross-examination the victim denied that Petitioner was in a car and stated that he was walking. When Petitioner's trial counsel attempted to explore this inconsistency, the trail judge interjected:

She never said that [he was walking], Mr. Wilson. You're just examining idly now. You're asking her didn't she say so-and-so, and it's exactly what she in

---

[1] Both Petitioner and the victim were in the Air Force.

fact said. Move along with an examination that elicits information. Ask a question to which you want a real answer, not rhetorical questions. You can use them in your jury argument.

Counsel did not object to this statement and pursued a different line of questioning.

## COMMENT 2

The victim testified that she told a friend about the incident shortly after returning to the barracks. When the friend testified the solicitor asked if the victim's trial testimony was substantially the same as her story on the night of the incident. When Petitioner's counsel objected that this testimony was only designed to buttress the victim's testimony, the judge stated:

No sir, it's not necessarily to buttress it in a situation such as this. You have suggested that her story is patently incredible, but within a few moments after reporting back home she told that story. *It isn't something she made up between then and now, as you suggested.* This is testimony to refute that. Within a few minutes, that's the story she told. Go ahead, Solicitor. (emphasis added).

Counsel did not object to this statement and pursued a different line of questioning.

## COMMENT 2

The victim testified that she told a friend about the incident shortly after returning to the barracks. When the friend testified the solicitor asked if the victim's trial testimony was substantially the same as her story on the night of the incident. When Petitioner's counsel objected that this testimony was only designed to buttress the victim's testimony, the judge stated:

No sir, it's not necessarily to buttress it in a situation such as this. You have suggested that her story is patently incredible, but within a few moments after reporting back home she told that story. *It isn't something she made up between then and now, as you suggested.*

> This is testimony to refute that. Within a few minutes, that's the story she told. Go ahead, Solicitor. (emphasis added).

Counsel did not object to this statement. Both statements were made in the jury's presence.

The hearing judge found, and Respondent does not contest, that trial counsel was ineffective for failing to object to Comments 1 and 2. The hearing court concluded, however, that Petitioner failed to meet the second prong of the *Strickland* test: a showing that counsel's deficient performance prejudiced the defense. *Strickland v. Washington, supra; see Watson v. State, supra; Butler v. State,* 286 S. C. 441, 334 S. E. (2d) 813 (1985), *cert. denied,* 474 U. S. 1094, 106 S. Ct. 869, 88 L. Ed. (2d) 908 (1986).

Our scope of review binds us to uphold the post-conviction judge's factual findings if "any evidence" of probative value supports them. *Pringle v. State,* 287 S. C. 409, 339 S. E. (2d) 127 (1986); *Webb v. State,* 281 S. C. 237, 314 S. E. (2d) 839 (1984).

The hearing judge ruled Petitioner could possibly show prejudice only from the statement, "It isn't something she made up between then and now, as you suggested" in Comment 2. He concluded that Petitioner did not demonstrate the requisite prejudice because: (1) the general jury charge to the effect that the jury was to determine facts and ignore the trial judge's comments; (2) the fact that the victim positively identified Petitioner as her assailant; (3) the fact that the victim promptly reported the incident to the friend; and (4) the solicitor convincingly argued the Petitioner's guilt in his closing argument.

None of these is a convincing reason to hold either comment nonprejudicial. First, the jury charge came late, more than a day after the remarks were made. Further, this Court has specifically rejected the jury charge argument in the context of a judge's improper comment on the facts. *State v. Pruitt,* 187 S. C. 58, 196 S. E. 371 (1938). Even an *immediate* curative instruction can be insufficient to prevent prejudice from a judge's improper comment. *State v. Kennedy,* 272 S. C. 231, 250 S. E. (2d) 338 (1978); *see also State v. Smith,* 290 S. C. 393, 350 S. E. (2d) 923 (1986) (instruction to disregard incompetent evidence usually

deemed curative, unless on facts of particular case accused was prejudiced anyway). Next the victim's positive identification of Petitioner is not probative here. Petitioner did not present an alibi defense, but contended that he and the victim were having an affair. Third, the court's reliance on the victim's prompt reporting of the incident demonstrates the prejudice of the judge's remark; it is a fact dependent on the judge's views of credibility. Finally, the solicitor's closing argument is not evidence and does not offset the judge's erroneous and prejudicial comments. We accordingly discern no evidence to support the PCR judge's finding that no prejudice befell Petitioner as a result of counsel's failure to object.

A trial judge must refrain from any comment which tends to indicate his opinion as to the weight or sufficiency of the evidence, the credibility of witnesses, the guilt of an accused, or any fact in controversy. *State v. Smith,* 288 S. C. 329, 342 S. E. (2d) 600 (1986); *State v. Kennedy, supra.* "It has long been recognized that even a slight remark, apparently innocent in its language, may, when uttered by the court, have a decided weight in shaping the opinion of the jury." *State v. Pruitt,* 187 S. C. 58, 61, 196 S. E. 371, 372 (1938); *see also State v. Stroman,* 281 S. C. 508, 316 S. E. (2d) 395 (1984); *State v. Robinson,* 274 S. C. 198, 262 S. E. (2d) 729 (1980). In what amounted to essentially a swearing contest here, witness credibility was crucial. The trial judge's remarks were neither slight nor innocent, for they intimated the judge's opinion on witness credibility and controverted facts.

The comments unfairly prejudiced Petitioner. The compounding of that prejudice by counsel's failure to object was an error so serious as to deprive Petitioner of a fair trial.

Having reversed and remanded for a new trial, we need not reach Petitioner's remaining questions.

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.