22873

The STATE, Respondent v. Michael Freddie COOK, Appellant.
(368 S. E. (2d) 907)

Supreme Court

*Henry T. Woods*, Rock Hill, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia and *Sol. William L. Ferguson,* York, *for respondent.*

Heard May 2, 1988.

Decided May 23, 1988.

*Per Curiam:*

A jury found appellant guilty of assault and battery of a high and aggravated nature, and he received a five year sentence. On appeal, he claims he was unfairly prejudiced by

a statement the trial judge made in the jury's presence. We agree and reverse and remand this case for a new trial.

The State opened its case by calling two witnesses. After an off-record conference with counsel, the trial judge made the following statement in the jury's presence:

> I want to address some remarks to anyone to whom it may apply, that includes the Defendants, that includes anybody who is interested in them, that includes anybody who is represented by the State. There appears to have been a good bit of violence and it's reported to the Court that there's been some threats made. I'm going to allow the Defendants to remain out on the same bonds that they are under but I specifically direct them and anyone connected with them not to do any threats or to do any harm towards anybody that's involved in this case and if I hear that anything has been done, I'll have you appropriately charged and irrespective of the outcome here I will take care of it. So, I want to warn you all about that and anybody else involved, the investigators or anybody else. I want to keep this thing peaceful and we're going to keep it that way.

The jury was then excused for the evening. The trial judge denied appellant's counsel's immediate mistrial motion.

"It has long been recognized that even a slight remark, apparently innocent in its language, may, when uttered by the court, have a decided weight in shaping the opinion of the jury." *Sosebee v. Leeke*, 293 S. C. 531,535, 362 S. E. (2d) 22, 24 (1987) (quoting *State v. Pruitt*, 187 S. C. 58, 61, 196 S. E. 371, 372 (19389). Here, as in *Sosebee*, the judge's statement was neither slight nor innocent. The statement prejudiced appellant by unfairly impugning his character and "imput[ing] to the appellant the commission of a crime other than that for which he was being tried ..." *State v. Robinson*, 262 S. C. 193, 198, 203 S. E. (2d) 433, 434 (1974); *See* S. C. Code Ann. § 16-9-340 (1985) (threatening judge, juror, witness, or court official is punishable by fine or imprisonment or both).

In this context, we find our statement in *State v. Kennedy*, 272 S. C. 231, 234, 250 S. E. (2d) 338, 339 (1978) most appropriate:

A fundamental concept of our system of justice is that every person charged with a crime has an absolute right to a fair and impartial trial. Basic to this concept is the requirement of neutrality on the part of the trial judge, and it is imperative that he exercise a high degree of restraint, caution, and circumspection in making remarks or comments in the presence of the jury.

The judge's statements in the jury's presence here destroyed the presumption of innocence which cloaked appellant at trial. That error entitles appellant to a new trial. We need not reach the remaining exception.

Reversed and remanded.