607 S.E.2d 72

**Earnest E. VAUGHN, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25914.**

Supreme Court of South Carolina.

Dec. 20, 2004.

Submitted Oct. 20, 2004.

Decided Dec. 20, 2004.

164

Assistant Appellate Defender Robert M. Pachak, of Columbia, for petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General, Salley W. Elliott, all of Columbia, for respondent.

Justice WALLER:

We granted the petitioner's petition to review the denial of relief in this post-conviction relief (PCR) action. The PCR court found trial counsel was not ineffective for failing to object to the solicitor's closing argument. We reverse and remand.

## FACTS

At approximately 3:00 a.m. on April 10, 1997, Deputy Reggie Widener ("Officer Widener") was parked in a high crime area. He noticed a car circle the area twice. The petitioner's girlfriend was driving the car and the petitioner was the

passenger. After Officer Widener approached the patrol car, the vehicle drove away at a faster rate of speed. Officer Widener followed the car which parked in the driveway of a completely dark house.

After driving around the block, Officer Widener saw the petitioner on the front porch with the petitioner's girlfriend in the car, and he noticed the house was still dark. Because there had been many complaints about burglaries in the neighborhood, Officer Widener and back-up Officer Reid approached the petitioner and his girlfriend and asked the petitioner for identification and why he was at the house. Officer Widener then asked the petitioner for permission to pat him down for guns which the petitioner granted. The petitioner testified that he informed Officer Widener that he had several knives and a marijuana joint in his pocket. Officer Widener testified that the petitioner did not admit to possessing any drugs prior to the search. During the pat down, Officer Widener testified he felt some knives. While removing the knives from the petitioner's pocket, Officer Widener testified he discovered a bag of marijuana.

Officer Widener arrested the petitioner and then conducted a search incident to the arrest. Officer Widener testified that during this search he found an empty cigarette pack which contained thirteen small bags of methamphetamines in the petitioner's coat pocket. At trial, the petitioner admitted he possessed marijuana. However, he denied ever possessing any methamphetamines.

The petitioner was convicted of possession of marijuana and possession with intent to distribute (PWID) crank and sentenced to one year and fined $1,000 for the possession charge and sentenced to twenty years and fined $100,000 for the PWID crank charge. The petitioner timely filed an application for PCR raising, *inter alia*, the claim that his trial counsel was ineffective for failing to object to the solicitor's closing argument. Following a hearing, the PCR court denied the petitioner relief and dismissed the petitioner's PCR application. The petitioner filed a motion to reconsider which the PCR judge also denied.

## ISSUE

Was trial counsel ineffective for failing to object to the solicitor's closing argument stating what uncalled witnesses would have testified to?

## DISCUSSION

 "[A] PCR applicant has the burden of proving counsel's representation fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability that the result at trial would have been different.... A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." *Johnson v. State*, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

 The petitioner contends trial counsel was ineffective for failing to object to the solicitor's closing argument stating what uncalled witnesses would have testified to and vouching for Officer Widener, the State's only eyewitness to testify at trial.

During closing arguments, the petitioner's trial counsel stated:

What I would like you all to remember, who else we didn't hear from that was there. There was another officer there, Mr. Reid. Obviously he didn't see anything because he is not here.

There was a ride along in the car with Mr. Widener. *She's not here obviously because she didn't see anything. Eddie testified he didn't see any methamphetamines out there at the trailer. Ivy Roussos was out there. She didn't see any. The only person that saw any methamphetamines out there that night, April 10th, was Officer Widener. ...*

They had the evidence man, the SLED guy, and I think an expert on—one of the drug agents here. But nobody else. They had three people at the scene who testified. *Just Officer Widener, he [sic] the only one that saw that out at the scene.* That's just one thing I want you to think about. The government has the burden of proof. The government must prove their case.

And in this case, with all the other people that were there, they rely solely on this one man, that one man that says he saw the drugs out there. Where did they come from? I don't know. I don't have a clue. I wasn't there that night. I do know that there were five people there. Three with the police officer, with the sheriff's department, the ride along, Widener and Reid, Eddie and Ivy. *Now, out of all those people, only one person saw drugs out there.* I want you all to think about that.

(emphasis added).

The solicitor then gave her closing statement and stated:

The defense attorney wants to know why I didn't call the other witnesses to this case. When I get a case I interview everybody who is involved. I ask them, I don't prompt them, I say what did you observe? I take notes on it. I'm a minimalist when it comes to trying a case. Your time is valuable, the Judge's time is valuable, the clerk's time is valuable, my time is valuable. If everybody is going to say the same thing, there are no differences, then I'm not going to make them come up here and testify. That's duplicative testimony.

And in fact, if everybody takes the stand and says the very same thing, the defense attorney can object to it. We have a rule of evidence that says you cannot put in duplicative testimony. Now, he says if those people had seen meth, they would have been here. Let me put it to you this way, the defense attorney has the power of subpoena. He can have any single person he wants to here to testify.

I don't know if he talked to the first officer, but I do know that he subpoenaed the ride along and has talked to her. We called this case to trial previously, and she was up here, and they discussed it with her. Don't you think if she was going to say, I didn't see any meth, she would have taken the stand. He could have subpoenaed her and put her up there, but he didn't.

The reason I didn't put them up there is because they're going to say the very same thing that my officer did. . . . Now apparently what we're going for here is that the officer planted those drugs. I will be the first person to admit that there are officers who will take the stand and lie. That is

the reality of life. Everyone who takes an oath does not tell the truth. I have to my knowledge never put someone up there that would do that. . . .

The officer had no reason to lie, and it is not necessary for me to bring other people here to corroborate his testimony when they're going to say the same thing. But if they weren't going to say the same thing, I would guarantee you that the defense would have had them on the stand because they can subpoena whoever they like.

The State's closing arguments must be confined to evidence in the record and the reasonable inferences that may be drawn from the evidence. *State v. Copeland,* 321 S.C. 318, 324, 468 S.E.2d 620, 624 (1996). Furthermore, a prosecutor cannot vouch for a witness' credibility. *State v. Shuler,* 344 S.C. 604, 630, 545 S.E.2d 805, 818 (2001). A prosecutor improperly vouches for a witness' credibility and places the government's prestige behind a witness by making explicit personal assurances, or indicating that information not presented to the jury supports the testimony. *Id.*

Although it would have been improper for the solicitor to vouch for Officer Widener, or initiate an argument about the testimony of the absent witnesses, the situation is entirely different when the defendant opens the door to the subject. *United States v. Robinson,* 485 U.S. 25, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988)(holding solicitor's closing argument that defendant "could have taken the stand and explained it to you" did not violate defendant's Fifth Amendment right against self-incrimination because prosecutor's reference to defendant's opportunity to testify was fair response to claim made by defendant in closing argument that government had not allowed defendant to explain his side of story). Conduct that would otherwise be improper may be excused under the "invited reply" doctrine if the prosecutor's conduct was an appropriate response to statements or arguments made by the defense. As explained in *United States v. Young,* 470 U.S. 1, 13, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), the idea of an invited response is used not to excuse improper comments, but to determine their effect on the trial as a whole.

Once a defendant opens the door, the relevant question in determining if a defendant's rights were violated is whether

the solicitor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). In *Darden v. Wainwright*, 477 U.S. 168, 182, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), the United States Supreme Court held that comments by a solicitor failed to meet the test set out in *Donnelly*, because 1) the comment was an "invited response" to defense counsel's argument, 2) the evidence against the defendant was overwhelming, and 3) the trial court instructed the jury several times that its decision was to be made on the basis of evidence alone and the arguments of counsel were not evidence. *See also State v. Hawkins,* 292 S.C. 418, 357 S.E.2d 10 (1987).

Here, if not for the lack of evidence, we might agree that the solicitor was merely responding to the petitioner's argument.[1] The petitioner's trial counsel argued that the State had failed to call witnesses who would testify that there were no methamphetamines found on the petitioner that night. Thus, the petitioner "opened the door" to some response from the solicitor. *But See State v. Engel*, 249 N.J.Super. 336, 592 A.2d 572 (1991)(holding prosecutor did not express personal belief as to defendant's guilt or improperly vouch for credibility of police investigators when, in response to defense counsel's lengthy summation characterizing State's case as a "big lie," he defended integrity of investigation and prosecutor's remarks, taken in context, did not unfairly prejudice defendants.) Furthermore, here, the trial court instructed the jury that they were to consider only the testimony that they heard at trial.

However, other than Officer's Widener's testimony, there was no other evidence that the petitioner possessed the methamphetamines. While the petitioner's argument may have invited some response, the solicitor's response was unfair and prejudiced the petitioner, in light of the lack of evidence of his guilt on the PWID charge. *See State v. McFadden*, 318 S.C. 404, 415, 458 S.E.2d 61, 68 (1995) (holding that given the ample other evidence of guilt in the record, the solicitor's

---

1. The petitioner argues that the State cannot assert trial strategy as a valid reason for failure to object to the solicitor's comments citing *Matthews v. State*, 350 S.C. 272, 565 S.E.2d 766 (2002). While at the PCR hearing, trial strategy was raised, on appeal the State does not argue this as a ground to affirm.

comments did not infect the trial with unfairness to the extent that his conviction was a denial of due process).

Furthermore, we note that approximately fifteen minutes after beginning deliberations, the jury sent the trial judge a question. The jury wanted to see the "testimony" of the other officer, or more correctly the dispatcher, Poulsom, who had been riding with Officer Widener. However, Poulsom did not testify at trial. The trial judge instructed the jury that they were to consider only the testimony and evidence received during the trial.[2] While the trial judge correctly instructed the jury to consider only the evidence received during the trial, the jurors were obviously concerned with the witnesses who did not testify and the arguments about them probably only added to their concern.

■ We find the solicitor's comments prejudiced the petitioner and trial counsel was ineffective for failing to object.[3] Accordingly, the PCR court erred in denying him relief.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

**2.** Poulsom testified at the PCR hearing that she really did not recall the arrest in any detail.

**3.** In deciding the prejudice prong in this PCR action, the Court is to examine the same factors as those analyzed in deciding on direct appeal whether a similar error is harmless beyond a reasonable doubt. *Edmond v. State*, 341 S.C. 340, 348, 534 S.E.2d 682, 686 (2000).