**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

William Ross, Appellant.

Appellate Case No. 2011-190816

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2013-UP-316
Heard June 6, 2013 – Filed July 10, 2013

**AFFIRMED**

Appellate Defender Robert M. Pachak and Appellant
Defender Breen Richard Stevens, both of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Julie Kate Keeney, both of Columbia,
for Respondent.

**PER CURIAM:** William Ross was convicted of criminal sexual conduct (CSC) in the third degree. He appeals, asserting the trial court improperly allowed the solicitor to discuss first- and second-degree CSC in closing arguments. We affirm.

First, we question whether Ross has properly preserved his appellate argument for review. At trial, Ross objected to the solicitor's closing on the basis that no evidence of first- and second-degree CSC had been admitted, and the inclusion of such comments by the solicitor was confusing to the jury. The crux of Ross's argument on appeal, however, is that the solicitor's comments regarding the offenses of first- and second-degree CSC were made in conjunction with argument concerning whether the reasonable doubt standard was met, thereby leaving the jury with the impression the State's burden of proof was lowered. Although he clearly objected to the closing argument comments at trial, Ross never argued below, as he does on appeal, that the solicitor's comments somehow lowered the State's burden of proof. Because Ross never made the burden lowering argument to the trial court, that argument is not preserved on appeal. *See State v. Weston,* 367 S.C. 279, 290, 625 S.E.2d 641, 647 (2006) (holding an issue that differs from the objection raised at trial is procedurally barred from review); *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (finding an argument advanced on appeal was not preserved for review because it was not raised and ruled on below); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground.").

As to the arguments made at trial, Ross does not, in his appellate brief, raise his trial assertion that the solicitor's closing argument was confusing. He does, however, include within his argument on appeal that no evidence of first- or second-degree CSC was presented to the jury, and our law requires the solicitor to confine himself to evidence adduced at trial. We find no reversible error on this basis.

First, as argued by the solicitor, it appears the State was responding to defense counsel's closing argument in referencing the fact this was not a first- or second-degree CSC case. Because defense counsel argued to the jury facts that would indicate no violence or aggravated force occurred and that the lack of evidence indicated Ross was not guilty, we believe, considered in context, the solicitor's closing argument was an appropriate response to statements or arguments made by the defense. We further find the solicitor's comments did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. *See State v. Finklea*, 388 S.C. 379, 385, 697 S.E.2d 543, 547 (2010) (noting a trial court is vested with broad discretion in dealing with the range and propriety of closing arguments and its rulings on such matters ordinarily will not be disturbed); *id.* at 386, 697 S.E.2d at 547 ("The appellant has the burden of showing that any

alleged error deprived him of a fair trial. The relevant question is whether the solicitor's action so infected the trial with unfairness as to make the resulting conviction a denial of due process. The Court must review the argument in the context of the entire record."); *Vaughn v. State*, 362 S.C. 163, 169, 607 S.E.2d 72, 75 (2004) (noting improper closing argument by the solicitor may be excused under the "invited reply" doctrine if the solicitor's conduct was an appropriate response to statements or arguments made by the defense); *id.* at 169-70, 607 S.E.2d at 75 ("Once a defendant opens the door, the relevant question in determining if a defendant's rights were violated is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.").

Additionally, we note the solicitor specifically stated in opening arguments before the jury that this was not a first- or second-degree CSC case, but it was a matter involving CSC in the third degree. Because this same argument was made to the jury without objection in the State's opening argument, it is difficult to see how Ross was prejudiced by the State's closing argument in this regard. *See State v. Tyner*, 273 S.C. 646, 656, 258 S.E.2d 559, 564-65 (1979) (holding it was difficult to discern how appellant was so irreparably prejudiced as to justify a mistrial based upon the solicitor playing a portion of appellant's taped confession during closing argument when the jury had been permitted to take the tape to the jury room and had already heard the tape during the course of the trial).

For the foregoing reasons, Ross's conviction is

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**