# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Christopher Chad Wessinger, Appellant.

Appellate Case No. 2012-213064

———————

Appeal from Cherokee County
J. Mark Hayes, II, Circuit Court Judge

———————

Opinion No. 27404
Heard May 21, 2014 – Filed July 2, 2014

———————

## AFFIRMED

———————

William G. Rhoden, of Gaffney, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General John Benjamin Aplin, both of
Columbia, for Respondent.

———————

**JUSTICE PLEICONES:**  Appellant contends the trial court erred in denying his request for a full evidentiary hearing before the circuit court determined whether appellant's indecent exposure pleas should be classified as sexually violent offenses for purposes of the Sexually Violent Predator Act (the SVP Act).  S.C. Code Ann. §§ 44-48-10 *et seq.* (Supp. 2013).  Under the facts of this case, we find no error in the circuit court's denial of appellant's request and therefore affirm.

## FACTS

Appellant pled guilty to two counts of indecent exposure in violation of S.C. Code Ann. § 16-15-130 (Supp. 2013) and was sentenced to two consecutive three-year terms, with credit for 253 days already served.  At the plea hearing, the solicitor stated that appellant had repeatedly exposed himself to the two female victims, ages 13 and 15, made numerous phone calls to the victims asking them to "do things of a sexual nature," and committed other acts of a sexual nature in their presence.  When asked if he agreed with the solicitor's recitation of the facts, appellant, who had been sworn, acknowledged that he had exposed himself "to both victims one time" and denied the rest of the solicitor's recitation.  Appellant then confirmed he was pleading guilty to one count of indecent exposure to each victim and that his answers were truthful and honest.  Appellant also acknowledged that he had a 1994 conviction for lewd act on a minor and that he was on the sex offender registry as a result of that conviction.

Following appellant's affirmations, one of the victims and the girls' parents gave unsworn statements[1] which described numerous criminal sexual offenses committed by appellant against the girls.  The solicitor then asked the judge to exercise his discretion and deem appellant's indecent exposure pleas "sexually violent" offenses pursuant to § 44-48-30(2)(o).  This statute permits a judge to designate any offense as sexually violent for purposes of the SVP Act if he "makes a specific finding on the record that based on the circumstances of the case . . . ."

Appellant's counsel contended that the only circumstance of this case which could be considered in making the sexually violent offense decision was that appellant had, on one occasion, exposed himself to each victim.  He argued that before making a finding under 2(o), the court must hold a "full evidentiary hearing" including testimony and an opportunity to cross-examine witnesses.  He pointed out that the State was relying on the unsworn statements of the victims.  In addition, the attorney noted that appellant's status as a registered sex offender was the result of an old conviction.[2]  Appellant, still under oath, admitted his wrongful

---

[1] One victim spoke directly to the court while the father of the other read his daughter's statement.  This father also spoke on behalf of himself and his wife and the other victim's mother made a statement to the court.

[2] The predicate conviction was in 1994: appellant was pleading guilty in 2012 to offenses occurring in 2009-2010.

conduct and apologized, and pointed out he had been "clean" for almost twenty years, and stated, "I'd just like to take [sic] and have some help, be able to get some counseling from somewhere . . . ." He subsequently repeated his request for "some help."

Appellant's attorney reiterated his position that an evidentiary hearing was a necessary prerequisite for the determination whether appellant's offenses should be considered sexually violent under (2)(o). The judge then made this ruling:

> I agree with both the State and the defense. I think that if I were going to make factual determinations based upon what the victims have -- or what's said in court, I think the defendant would have a Constitutional Right to cross-examination. However, for purposes of sexual violent predator evaluation, I believe that the defendant's statements alone and also his history puts him into that category where somebody needs to take a look at it. He, himself, is asking me to give him help for his problem, and that's part of what the civil commitment process would do. It would allow professionals to evaluate him to do what type of civil treatment he would need. He may not qualify for that program, but, you know, when they go through that, they have multi-step processes they go through. They have the solicitors committee. They have a prosecutors committee. They have different people take a look at it. It may be that they believe that he does not fall within that definition, he does not need to be evaluated. They may feel that he does, but I have indicated on the sentencing sheet my desire that he be evaluated for the sexually violent predator program and let those people make that determination based on these charges.

Appellant's counsel asked as a matter of clarification: "Is the court making a specific finding under [§ 44-48-30(2)(o)] concerning this particular act as being a sexually violent offense?" The trial judge responded:

> Yes, based upon the information that's been presented to the court. This country [sic] probably [sic] does not even consider the actual statements that have been made by the victim. I believe that it's based on the allegations that he has admitted to; his own statements to me that he needs that help; his criminal

history; the fact that he's already on the sex offender registry, these charges would place him on the sex offender registry. I think the State has met that burden;[3] that that's enough for me to make that finding for purposes for the evaluation process for the SVP statute.

This appeal followed.

## ISSUE

Did the circuit court judge err in denying appellant's request for a full evidentiary hearing before determining whether appellant's offense should be classified as sexually violent for purposes of the SVP Act?

## ANALYSIS

Section 44-48-30(2) of the SVP Act lists numerous offenses which are designated "sexually violent offenses." In subsection (2)(o), the statute contains a catch-all provision which allows the judge to designate a crime not otherwise named in the statute as sexually violent "based on the circumstances of the case." Designation of an offense as sexually violent triggers the operation of the SVP Act. This Act requires that inmates convicted of sexually violent offenses be evaluated before expiration of their sentences, and if they are found to meet the SVP Act's criteria, permits the State to seek the inmate's civil commitment to the Department of Mental Health for an indefinite period of time after service of their criminal sentences.

Appellant argues that we should require a full evidentiary hearing whenever an offense is sought to be classified as "sexually violent" under 2(o). We hold that the scope and necessity of a separate evidentiary hearing is to be determined on a case-by-case basis. Here, the judge stated his decision to classify appellant's offenses as sexually violent was based on the circumstances of the case, that is, appellant's

---

[3] It is unclear why the trial judge made this reference to the State's burden. As we read the statute, there is no burden of proof or persuasion placed upon either party and in fact the circuit judge placed no burden on the State. Indeed, the statute vests the trial/plea judge with the discretion to make a finding that an offense should be classified as sexually violent, even in the absence of a request by the State.

status as a registered sex offender, his sworn admission that he exposed himself to the minor victims, and his requests for help, as well as his prior conviction for a lewd act on a minor. We find no error in the procedure utilized here where the circuit court's decision was based on the uncontested facts in the record, all of which were specifically acknowledged by appellant under oath. Under these circumstances, we find no error in the circuit judge's ruling declining appellant's request for a separate evidentiary hearing.

## CONCLUSION

Appellant's convictions, sentences, and the circuit court judge's decision to classify appellant's indecent exposure offenses as sexually violent are

**AFFIRMED**.

**TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.**