# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Theodore Manning, Respondent.

Appellate Case No. 2015-000204

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Opinion No. 27664
Heard November 4, 2015 – Filed September 7, 2016

---

### REVERSED

---

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Petitioner.

Luke Adcock Shealey, of The Shealey Law Firm, LLC,
and Elizabeth Fielding Pringle, both of Columbia, for
Respondent.

---

**ACTING JUSTICE TOAL:**     We granted the State's petition for writ of
certiorari to consider the court of appeals' decision, *State v. Manning*, Op. No.
2014-UP-411 (S.C. Ct. App. filed Nov. 19, 2014), holding the trial court erred in
failing to conduct an evidentiary hearing to determine whether the immunity

provision of the Protection of Persons and Property Act (the Act)[1] applied and remanding the case to the trial court to conduct a full hearing. We reverse.

---

[1] Relevant to this appeal, the Act provides:

> (A) A person is presumed to have a reasonable fear of imminent peril of death or great bodily injury to himself or another person when using deadly force that is intended or likely to cause death or great bodily injury to another person if the person:
>
> (1) against whom the deadly force is used is in the process of unlawfully and forcefully entering, or has unlawfully and forcibly entered a dwelling, residence, or occupied vehicle, or if he removes or is attempting to remove another person against his will from the dwelling, residence, or occupied vehicle; and
>
> (2) who uses deadly force knows or has reason to believe that an unlawful and forcible entry or unlawful and forcible act is occurring or has occurred.
>
> (B) The presumption provided in subsection (A) does not apply if the person:
>
> (1) against whom the deadly force is used has the right to be in or is a lawful resident of the dwelling, residence, or occupied vehicle including, but not limited to, an owner, lessee, or titleholder . . . .
> . . .
>
> (C) A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime . . . .

S.C. Code Ann. § 16-11-440 (2015).

## FACTS/ PROCEDURAL BACKGROUND

Theodore Manning (Respondent) was charged with murder following the death of his girlfriend, Mikki McPhatter (the victim). The victim died after being shot in the back of the head in Respondent's home. It is undisputed that the victim was unarmed. Another of Respondent's girlfriends, Kendra Goodman, led police to the victim's abandoned and burned vehicle, where her charred skeletal remains were discovered in the trunk.

Respondent sought immunity from prosecution under Act and in the alternative claimed he shot the victim in self-defense. At a pre-trial hearing, Respondent's counsel relied upon Respondent's statement to police, introduced as an exhibit by the State, to support his immunity claim. In the statement, Respondent maintained he had taken a gun away from the victim during an argument, but ultimately "pulled the trigger to show her to stop playing":

It was a disagreement between the two of us. I was disregarding some of her questions when it came to the relationship . . . which turned into an argument that got heated. [The victim] picked up the firearm, pointed it at me. I asked her what the hell was she thinking. She asked me was I still serious, referring to whether or not I wanted to have kids with her. I told her that it was just friends with benefits, which made her even madder. I told her to stop playing and took the gun from her. I grabbed her hands and just took it from her. Then I pointed it at her and asked her "Are you fucking crazy[.]" I told her that "You can't be mad at me because when I came up to see you last you were asking me if I wanted to be friends with benefits." She was still talking about whether I was serious. The whole time she was crying . . . even when she was pointing the gun at me she was crying. She hit the gun and I asked her again "Are you fucking crazy[?]" She told me "You're just like everybody else. You said that you were going to be there for me and you hurt me just like everybody else." She went to take a step like motioned toward me, but she pivot [sic] when she did it and I pulled the trigger to show her to stop playing. I didn't see where the bullet went.

Based on this statement, and considering it as an undisputed recitation of the facts, the trial judge heard arguments on the immunity motion from both sides. Respondent's counsel argued the statement constituted a "prima facie" showing, rebuttable by the State, that Respondent was entitled to immunity under the Act because the incident occurred in Respondent's home and the victim "pulled a gun on [Respondent]," Respondent "then disarmed her, and she came at him and he pulled the trigger." The State argued that because Respondent's statement indicated that the victim was unarmed when he shot her, Respondent was not in fear of great bodily injury or death at that time. Further, the State argued that the victim was a guest in Respondent's home, and therefore, she did not unlawfully or forcibly enter the residence, which is required to invoke the Act's presumption of reasonable fear of imminent peril.

After considering Respondent's statement to police and hearing arguments from counsel for both sides, the trial court denied Respondent's pretrial motion for immunity. The matter then proceeded to a jury trial. Respondent was convicted of voluntary manslaughter and sentenced to thirty years in prison.

Respondent appealed, and the court of appeals found, *inter alia*, that the trial court was required to grant Respondent a full evidentiary hearing prior to determining whether the immunity provision applied, and therefore the court of appeals remanded the case for a full hearing. *See State v. Manning*, Op. No. 2014-UP-411 (S.C. Ct. App. filed Nov. 19, 2014). We granted the State's petition for a writ of certiorari to decide whether this was in error.

## LAW/ANALYSIS

The State argues that the court of appeals erred in finding the trial court is required to conduct a complete testimonial evidentiary hearing prior to ruling on whether the immunity provision of the Act applies. We agree.

In *State v. Duncan*, this Court interpreted the plain language of section 16-11-450(A) of the South Carolina Code[2] to require that the immunity determination

---

[2] *See* S.C. Code Ann. § 16-11-450(A) (providing "[a] person who uses deadly force as permitted by the provisions of this article or another applicable provision of law

be made pre-trial. 404, 410, 709 S.E.2d 662, 665 (2011). More specifically, the Court stated:

> [By] using the words "immune from criminal prosecution," the legislature intended to create a true immunity, and not simply an affirmative defense. We also look to the language of the statute that provides, "the General Assembly finds that it is proper for law-abiding citizens to protect themselves, their families, and others from intruders and attackers *without fear of prosecution* or civil action for acting in defense of themselves and others." We agree with the circuit court that the legislature intended defendants be shielded from trial if they use deadly force as outlined under the Act. Immunity under the Act is therefore a bar to prosecution and, upon motion of either party, must be decided prior to trial. Accordingly, we find the trial court properly made a pre-trial determination of respondent's immunity.

*Id.* The Court further explained that the appropriate standard of review in pre-trial determination would be a preponderance of the evidence. *Id.* at 411, 709 S.E.2d 662, 665.

Neither the Act, nor *Duncan*, sets forth a specific type of hearing or procedure to be followed when a criminal defendant claims immunity under the Act. *See State v. Curry*, 406 S.C. 364, 375 n.3, 752 S.E.2d 263, 268 n.3 (2013) (noting "the Act is silent on the procedure to follow when an accused seeks immunity and "*Duncan* interprets the Act to require a pretrial determination by the trial court"). Rather, all that is required under the Act and *Duncan* is that the court makes the immunity determination prior to trial.

Respondent urges this Court to add the gloss of a full evidentiary hearing to the statutory language. In considering his request, we find instructive *State v. Wessinger*, 408 S.C. 416, 759 S.E.2d 405 (2014), which interpreted section 44-48-

---

is justified in using deadly force and is immune from criminal prosecution and civil action for the use of deadly force, unless the person against whom deadly force was used is a law enforcement officer acting in the performance of his official duties and he identifies himself in accordance with applicable law or the person using deadly force knows or reasonably should have known that the person is a law enforcement officer.").

30(2) of the Sexually Violent Predator Act (SVP Act).[3]  Subsection *o* of that section permits the trial judge to make a determination of whether the crime for which a person is charged qualifies as sexually violent even when it is not specifically enumerated under the SVP Act.[4]  In *Wessinger*, this Court considered whether a criminal defendant is entitled to a full evidentiary hearing prior to the judge making this determination, and held "that the scope and necessity of a separate evidentiary hearing is to be determined on a case-by-case basis."  408 S.C. at 420, 759 S.E.2d at 407.  Moreover, the Court found "no error in the procedure utilized here where the circuit court's decision was based on the uncontested facts in the record, all of which were specifically acknowledged by appellant under oath."  *Id.* at 421, 759 S.E.2d at 407.  We agree with the State that this flexible approach is likewise desirable in immunity determinations under the Act.  Not only does this approach permit the trial judge to tailor the hearing to the needs of each case, but it serves to save precious judicial resources in cases like this one where an extensive hearing is simply unnecessary.[5]

We review immunity determinations under an abuse of discretion standard. *Curry*, 406 S.C. at 370, 752 S.E.2d at 266; *see also State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 237 (Ct. App. 2014) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166–67 (2007))).  Here, the undisputed facts support a

---

[3] *See* S.C. Code Ann. § 44-48-30(2) (Supp. 2013).

[4] See S.C. Code Ann. § 44-48-30(2)(*o*).

[5] To this end, we find unpersuasive Respondent's argument that because *Duncan* imposes a preponderance of the evidence standard on the trial court, the immunity determination is distinguishable from determinations made under the SVP Act.  As the evidentiary hearing standard is a flexible one, there may be times that a trial court requires more evidence, be it testimonial or otherwise, to make the immunity determination.  This is not that case.  Here, Respondent's counsel asserted that the evidence submitted to the trial court, in the form of Respondent's statement, set forth a prima facie showing of immunity.  Further, counsel did not ask to call any witnesses in support of his position, did not object to the trial court's hearing the motion without the calling of witnesses, and did not ask to proffer additional testimony or indicate to the trial court the additional testimony he would have presented had he been entitled to a full testimonial evidentiary hearing.

denial of immunity under subsections (A) and (C) of section 16-11-440.  First, the victim was an invited guest in Respondent's home, meaning Respondent was not entitled to the presumption of immunity under subsection (A).  *See Curry*, 406 S.C. at 370, 752 S.E.2d at 266 ("Section 16–11–440(A), the main thrust of the Act, provides a presumption of reasonable fear of imminent peril of death or great bodily injury to a person who uses deadly force if he is attacked by or attempting to remove another from a dwelling, residence, or occupied vehicle. However, the presumption of subsection (A) does not apply if the victim has an equal right to be in the dwelling or residence. S.C. Code Ann. § 16–11–440(B). Because Collins was a social guest and rightfully in the apartment, subsection (A) is inapplicable to Appellant, and he is therefore defaulted into subsection (C), which deals with the use of force by one who is attacked in another place where he has a right to be."). Further, the victim was unarmed at the time she was shot, meaning we cannot say that the trial judge abused his discretion in denying Respondent immunity under subsection (C).  *See* S.C. Code Ann. § 16-11-440(C) (providing "[a] person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . *has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime . . . .*" (emphasis added)).  Because these essential facts were undisputed and the trial judge heard legal arguments from both sides on the applicability of these subsections in Respondent's case, we agree with the State that the trial judge heard and considered all that was necessary to make the immunity determination by a preponderance of the evidence.  As a result, Respondent received the pre-trial determination he was entitled to under *Duncan*, and the trial court did not abuse its discretion in making that ruling without first conducting a full testimonial evidentiary hearing.[6]

---

[6] Because we find the hearing here was sufficient, we need not address the State's alternative argument that the court of appeals erred in remanding the case to the trial court instead of reviewing the trial court's determination that Respondent was not entitled to immunity under the Act under a harmless error analysis.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999).

## CONCLUSION

Accordingly, the court of appeals' decision remanding this case to the trial court for a full evidentiary hearing is

**REVERSED.**

**BEATTY, KITTREDGE and HEARN, JJ., concur.  PLEICONES, C.J., dissenting in a separate opinion.**

**CHIEF JUSTICE PLEICONES:** I respectfully dissent and would affirm the unpublished decision of the Court of Appeals that remanded this matter to the circuit court for an evidentiary hearing on respondent's claim for immunity pursuant to the Protection of Persons and Property Act (the Act).

A defendant claiming immunity under the Act must establish his entitlement to this relief by a preponderance of the evidence in a pretrial "determination." *State v. Duncan*, 392 S.C. 404, 709 S.E.2d 662 (2011); *see also State v. Curry*, 406 S.C. 364, 752 S.E.2d 263 (2013). The majority holds today that in making this pretrial determination the circuit judge need not always hold a full evidentiary hearing, but rather may limit the defendant's right to present evidence entitling him to immunity in order "to save precious judicial resources." [7] The majority then proceeds to "review" the merits of the trial court's denial of respondent's immunity claim under an abuse of discretion standard. What the majority glosses over, however, is that the trial judge held that the Act did not apply and therefore denied respondent's request for an evidentiary hearing on the merits of his immunity claim, compounding his earlier refusal to allow respondent to call a forensics and ballistics expert to testify in support of respondent's self-defense theory. While the trial judge neither heard evidence[8] nor made a pre-trial determination that respondent was not entitled to immunity under the Act, the majority nonetheless states it is upholding the pre-trial determination under an abuse of discretion

---

[7] The majority's reliance on *State v. Wessinger*, 408 S.C. 416, 759 S.E.2d 405 (2014) and the statutory scheme for determining whether a defendant should be designated a sexually violent predator (SVP) is misplaced. In making this determination, the trial/plea judge is vested with complete discretion to decide whether a crime is sexually violent, without any requirement that the State actually request such a finding, much less that it meet any burden of proof. Since the SVP designation rests completely in the trial judge's discretion, it is not surprising that the decision whether to hold an evidentiary hearing is made on a case-by-case basis. The Act, on the other hand, requires a motion by a party, and places on the defendant the burden of proving entitlement to immunity by a preponderance of the evidence. *Duncan*, *supra*. In my opinion, the majority errs in relying on the SVP procedure to decide the process due a defendant under the Act.

[8] The trial judge's ruling was based solely on the argument of counsel and the solicitor's reading of excerpts from respondent's statement to the police. It is axiomatic that arguments of counsel are not evidence. *E.g.*, *Sosebee v. Leeke*, 293 S.C. 531, 362 S.E.2d 22 (1987).

standard, finding "the hearing here was sufficient." The record belies the fact that there was any evidentiary hearing afforded to respondent, much less a "sufficient" one.

In my opinion, the Court of Appeals properly remanded this case in order to permit respondent an opportunity to present evidence in support of his claim of immunity under the Act.