CHIEF JUSTICE PLEICONES:
I respectfully dissent and would affirm the unpublished decision of the Court of Appeals that remanded this matter to the circuit court for an evidentiary hearing on respondent’s claim for immunity pursuant to the Protection of Persons and Property Act (the Act).
A defendant claiming immunity under the Act must establish his entitlement to this relief by a preponderance of the evidence in a pretrial “determination.” State v. Duncan, 392 S.C. 404, 709 S.E.2d 662 (2011); see also State v. Curry, 406 S.C. 364, 762 S.E.2d 263 (2013). The majority holds today that in making this pretrial determination the circuit judge need not always hold a full evidentiary hearing, but rather may limit the defendant’s right to present evidence entitling him to immunity in order “to save precious judicial resources.”[7] The *47 majority then proceeds to “review” the merits of the trial court’s denial of respondent’s immunity claim under an abuse of discretion standard. What the majority glosses over, however, is that the trial judge held that the Act did not apply and therefore denied respondent’s request for an evidentiary hearing on the merits of his immunity claim, compounding his earlier refusal to allow respondent to call a forensics and ballistics expert to testify in support of respondent’s self-defense theory. While the trial judge neither heard evidence[8] nor made a pre-trial determination that respondent was not entitled to immunity under the Act, the majority nonetheless states it is upholding the pre-trial determination under an abuse of discretion standard, finding “the hearing here was sufficient.” The record belies the fact that there was any evidentiary hearing afforded to respondent, much less a “sufficient” one.
In my opinion, the Court of Appeals properly remanded this case in order to permit respondent an opportunity to present evidence in support of his claim of immunity under the Act.

. The majority’s reliance on State v. Wessinger, 408 S.C. 416, 759 S.E.2d 405 (2014) and the statutory scheme for determining whether a defendant should be designated a sexually violent predator (SVP) is *47 misplaced. In making this determination, the trial/plea judge is vested with complete discretion to decide whether a crime is sexually violent, without any requirement that the State actually request such a finding, much less that it meet any burden of proof. Since the SVP designation rests completely in the trial judge’s discretion, it is not surprising that the decision whether to hold an evidentiary hearing is made on a case-by-case basis. The Act, on the other hand, requires a motion by a party, and places on the defendant the burden of proving entitlement to immunity by a preponderance of the evidence, Duncan, supra. In my opinion, the majority errs in relying on the SVP procedure to decide the process due a defendant under the Act.

. The trial judge’s ruling was based solely on the argument of counsel and the solicitor's reading of excerpts from respondent’s statement to the police. It is axiomatic that arguments of counsel are not evidence. E.g., Sosebee v. Leeke, 293 S.C. 531, 362 S.E.2d 22 (1987).