**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jermaine Antonio Hodge, Appellant.

Appellate Case No. 2016-001175

———————

Appeal From Sumter County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-169
Submitted April 1, 2019 – Filed May 8, 2019

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————

**PER CURIAM:** Jermaine Antonio Hodge appeals his conviction of assault and battery of a high and aggravated nature and possession of a weapon during the

commission of a violent crime, arguing the trial court erred in (1) denying his motion for immunity under the Protection of Persons and Property Act (the Act); (2) overruling his objection to evidence of the victim's stab wound under Rule 403, SCRE; and (3) overruling his objection to the State's closing argument that the jury should render a "symbolic verdict." We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Hodge's motion for immunity under the Act: *State v. Manning*, 418 S.C. 38, 45, 791 S.E.2d 148, 151 (2016) ("[Appellate courts] review immunity determinations under an abuse of discretion standard."); *State v. Mitchell*, 382 S.C. 1, 4, 675 S.E.2d 435, 437 (2009) (providing appellate courts "do[] not re-evaluate the facts based on [their] own view of the preponderance of the evidence but simply determine[] whether the trial court's ruling is supported by any evidence"); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who . . . is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . . ."); *State v. Jones*, 416 S.C. 283, 301, 786 S.E.2d 132, 142 (2016) (providing a defendant's claim of immunity under the Act based upon a belief of fear of death or great bodily injury requires that "a reasonably prudent man of ordinary firmness and courage would have entertained the same belief" (quoting *State v. Curry* 406 S.C. 364, 371 n.4, 752 S.E.2d 263, 266 n.4 (2013))).

2. As to whether the trial court erred in overruling Hodge's Rule 403, SCRE, objection to evidence of the victim's stab wound: *State v. Jackson*, 364 S.C. 329, 334, 613 S.E.2d 374, 376 (2005) ("The State . . . has the right to prove every element of the crime charged . . . ."); S.C. Code Ann. § 16-3-600(B) (2015) ("A person commits the offense of assault and battery of a high and aggravated nature if the person unlawfully injures another person, and . . . great bodily injury to another person results . . . ."); S.C. Code Ann. § 16-3-600(A)(1) (2015) ("'Great bodily injury' means bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ."); *State v. Collins*, 409 S.C. 524, 535, 763 S.E.2d 22, 28 (2014) ("Even the most gruesome photographs may be admissible if they tend to shed light on any issue, to corroborate testimony, or if they are

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

essential in proving a necessary element of a case . . . ." (quoting *Camargo v. State*, 940 S.W.2d 464, 467 (Ark. 1997))).

3. As to whether the trial court erred in overruling Hodge's objection to the State's closing argument that the jury should render a "symbolic verdict": *State v. Harris*, 382 S.C. 107, 120, 674 S.E.2d 532, 539 (Ct. App. 2009) ("This [c]ourt must review the argument in the context of the entire record."); *Humphries v. State*, 351 S.C. 362, 373, 570 S.E.2d 160, 166 (2002) ("A solicitor has a right to state his version of the testimony and to comment on the weight to be given such testimony."); *Tappeiner v. State*, 416 S.C. 239, 251, 785 S.E.2d 471, 477 (2016) (providing appellate courts must determine whether the solicitor's statements "so infected the trial with unfairness as to make the resulting conviction a denial of due process" (quoting V*aughn v. State*, 362 S.C. 163, 170, 607 S.E.2d 72, 75 (2004))).

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.