**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Appellant,

v.

Adam Keith Lunsford, Respondent.

Appellate Case No. 2018-000136

---

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

---

Opinion No. 2021-UP-197
Heard October 15, 2020 – Filed June 9, 2021

---

**REVERSED AND REMANDED**

---

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Appellant.

Christopher David Kennedy and N. Douglas Brannon, both of Kennedy & Brannon, P.A., of Spartanburg, for Respondent.

---

**PER CURIAM:** The State appeals the trial court's order granting Lunsford's request for immunity on his charges for attempted murder, assault and battery of a

high and aggravated nature (ABHAN), and pointing or presenting a firearm.  The State argues the trial court erred in ruling Lunsford was entitled to immunity from prosecution under the Protection of Persons and Property Act[1] (the Act) because he acted unlawfully by threateningly brandishing a firearm at Daniel Hull (Victim) during the course of the incident, he was not actually under attack at the time he shot Victim, and he could not validly raise a claim of self-defense.[2]

1.      We reverse and remand the trial court's ruling that Lunsford was entitled to immunity from prosecution for pointing or presenting a firearm under the Act.  The only finding made by the trial court that Lunsford "reasonably believed" he must brandish his weapon to prevent death or great bodily injury to himself or others occurred when Victim approached Lunsford's vehicle after the vehicles were stopped in the road.  *See* S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime as defined in Section 16-1-60.").  Lunsford's indictment for his charge for pointing or presenting a firearm stated it was for "point[ing] or present[ing] a firearm at [Victim] *while driving*."  (emphasis added).  Therefore, there was no finding by the court that the elements of section 16-11-440(C) were met at the time Lunsford was driving his vehicle, as stated in the indictment.

2.      We reverse and remand the trial court's ruling that Lunsford was entitled to immunity from prosecution for attempted murder and ABHAN under the Act.  The State argues the trial court erred in finding Lunsford was not at fault for bringing on the difficulty because he was engaged in an unlawful activity at the time of the incident.  The trial court never ruled upon whether Lunsford was at fault in bringing on the difficulty.  *See State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011) ("A person is justified in using deadly force in self-defense when: (1) The defendant was without fault in bringing on the difficulty; (2) The defendant . . . actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger; (3) If the defense is based upon the defendant's actual belief of imminent danger, a reasonable prudent man of ordinary firmness and courage would have entertained the same belief . . .; and (4) The defendant had no other probable means of

---

[1]  S.C. Code Ann. §§ 16-11-410 to -450 (2015).
[2]  We decide this case pursuant to Rule 220(b)(1), SCACR.

avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance." (quoting *State v. Wiggins*, 330 S.C. 538, 545, 500 S.E.2d 489, 493 (1998))); *State v. Glenn*, 429 S.C. 108, 123, 838 S.E.2d 491, 499 (2019) ("In determining a defendant's entitlement to immunity under the Act, the circuit court must necessarily consider the elements of self-defense."); *id.* (reversing and remanding for a new immunity hearing when the trial court did not make specific findings on the elements of self-defense, thereby making appellate review difficult); *State v. Manning*, 418 S.C. 38, 45, 791 S.E.2d 148, 151 (2016) (explaining this court reviews immunity determinations for an abuse of discretion, which "occurs when the trial court's ruling . . . is without evidentiary support" (quoting *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 237 (Ct. App. 2014))). Thus, we remand the case for a new immunity hearing. On remand, the trial court should analyze all the elements of self-defense and should also determine whether Lunsford's brandishing of his weapon was proximately related to the shooting.

**REVERSED and REMANDED.**

**THOMAS, HILL, and HEWITT, JJ., concur.**