709 S.E.2d 662

**The STATE, Appellant,**

v.

**Gregory Kirk DUNCAN, Respondent.**

**No. 26974.**

Supreme Court of South Carolina.

Heard Jan. 18, 2011.
Decided May 9, 2011.
Rehearing Denied June 8, 2011.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka and Senior Assistant Attorney General S. Creighton Waters, of Columbia, and Solicitor Robert Mills Ariail, of Greenville, for Appellant.

Chief Appellate Defender Robert M. Dudek and Senior Appellate Defender Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Justice PLEICONES.

The State appeals the circuit court's grant of respondent's pre-trial motion to dismiss on the ground that respondent was entitled to immunity under the Protection of Persons and Property Act [1] (the Act). We affirm.

## FACTS

Respondent was indicted for murder after he shot and killed Christopher Spicer (the victim) at respondent's home. Prior to trial, respondent moved to dismiss the indictment, arguing he was entitled to immunity under the Act. At a hearing on respondent's motion, the State introduced numerous pieces of evidence, including witness statements and testimony, photographs and video of the crime scene, 911 tapes, and the victim's autopsy report.

According to the statement and testimony of respondent's girlfriend, Jean Templeton, she, the victim, and the victim's girlfriend, Amanda Grubbs, were guests in respondent's house on the night of the shooting. At some point, Grubbs handed the victim a picture of respondent's daughter in a cheerleading

---

1. S.C.Code Ann. §§ 16–11–410 to 450 (Supp.2010).

outfit and the victim began making inappropriate comments about the picture. Respondent asked the victim and Grubbs to leave.

According to Templeton, the victim left but returned a few minutes later. The victim was opening the screened porch door when respondent exited the front door of the house onto the porch with the gun. At one point, the victim began advancing across the porch and Templeton was "between [the victim] and [respondent]" and was "trying to get [the victim] off the steps and leave." The victim continued to force his way onto the porch. Templeton claimed respondent pointed the gun at the victim and fired. The victim died as a result of the gunshot wound to the face.

After considering the evidence, the circuit court dismissed the indictment finding respondent was immune, under the Act, from prosecution.

## ISSUES

I. Did the circuit court err in making a pre-trial determination of immunity?

II. Did the circuit court err in finding respondent was entitled to immunity under the Act?

## ANALYSIS

### I. *Pre-trial determination of immunity*

■ The State argues the circuit court erred in making a pre-trial determination of immunity.[2] We disagree.

The Act provides, "It is the intent of the General Assembly to codify the common law Castle Doctrine which recognizes that a person's home is his castle...." S.C.Code Ann. § 16–11–420(A) (Supp.2010). The Act also states, "the General Assembly finds that it is proper for law-abiding citizens to protect themselves, their families, and others from intruders and attackers without fear of prosecution or civil action for

---

2. We find an order granting or denying a motion to dismiss under the Act is immediately appealable, as it is in the nature of an injunction. *See* S.C.Code Ann. § 14–3–330(4) (Supp.2010) ("The Supreme Court ... shall review upon appeal ... an interlocutory order or decree ... granting, continuing, modifying, or refusing an injunction....").

acting in defense of themselves and others." S.C.Code Ann. § 16–11–420(B) (Supp.2010).

The Act further provides:

(A) A person is presumed to have a reasonable fear of imminent peril of death or great bodily injury to himself or another person when using deadly force that is intended or likely to cause death or great bodily injury to another person if the person:

(1) against whom the deadly force is used is in the process of unlawfully and forcefully entering, or has unlawfully and forcibly entered a dwelling, residence, or occupied vehicle . . .; and

(2) who uses deadly force knows or has reason to believe that an unlawful and forcible entry or unlawful and forcible act is occurring or has occurred.

. . . .

(D) A person who unlawfully and by force enters or attempts to enter a person's dwelling, residence, or occupied vehicle is presumed to be doing so with the intent to commit an unlawful act involving force or a violent crime as defined in Section 16–1–60.

S.C.Code Ann. § 16–11–440 (Supp.2010).

The immunity provision at issue provides:

(A) A person who uses deadly force as permitted by the provisions of this article or another applicable provision of law is justified in using deadly force and *is immune from criminal prosecution* and civil action for the use of deadly force, unless the person against whom deadly force was used is a law enforcement officer. . . .

S.C.Code Ann. § 16–11–450 (Supp.2010) (emphasis supplied).

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). Unless there is something in the statute requiring a different interpretation, the words used in a statute must be given their ordinary meaning. *Id.* When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must

apply the statute according to its literal meaning. *Sloan v. Hardee,* 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007).

Black's Law Dictionary defines "immune" as "having immunity" or being "exempt from a duty or liability." Black's Law Dictionary (9th ed.2009). "Prosecution" is defined as "a criminal proceeding in which an accused person is tried." *Id.*

The trial court found the plain meaning of the immunity provision was to shield a person from a "full blown criminal trial." Accordingly, the trial court found the only way this statutorily granted right could be meaningfully enforced was for the defendant to be able to raise immunity in a pre-trial motion.

Whether immunity under the Act should be determined prior to trial is an issue of first impression in this state. Further, the Act does not explicitly provide a procedure for determining immunity. In deciding this matter, we find guidance from several other states that have addressed similar statutory immunity provisions.

In *Fair v. State,* the Supreme Court of Georgia held the trial court erred in refusing to rule on the defendants' immunity[3] prior to trial. *Fair v. State,* 284 Ga. 165, 166, 664 S.E.2d 227, 230 (2008). Particularly, the *Fair* court found that by the plain meaning of "immune from prosecution," the statute must be construed to bar criminal proceedings against persons who used force under the circumstances set forth in the statute, and that this determination must be made before the trial commences. *Id.*

In the recent decision of *Dennis v. State,* 51 So.3d 456 (Fla.2010), the Supreme Court of Florida approved the reasoning of *Peterson v. Florida,* 983 So.2d 27 (Fla.1st D.C.A.2008), where the First District Court of Appeal found that by enacting a statute[4] similar to the Act at issue here, the legislature intended to establish a true immunity and not merely an affirmative defense. The *Dennis* court therefore

---

3. The defendants argued they were immune from prosecution under OCGA § 16–3–24.2, which provides in relevant part that "[a] person who uses threat or force in accordance with Code Section ... 16–3–23 or ... 16–3–24 shall be immune from criminal prosecution...."

4. *See* F.S.A. § 776.032 (Supp.2010).

found the plain language of the statute grants defendants a substantive right to assert immunity from prosecution and to avoid being subjected to a trial. *Dennis*, 51 So.3d at 462. The *Dennis* court concluded that, where a defendant files a motion to dismiss on the basis of Florida's "Stand Your Ground" statute, the trial court should conduct a pre-trial evidentiary hearing to decide the factual question of the applicability of the statutory immunity. *Id.*

Likewise, we find that, by using the words "immune from criminal prosecution," the legislature intended to create a true immunity, and not simply an affirmative defense. We also look to the language of the statute that provides, "the General Assembly finds that it is proper for law-abiding citizens to protect themselves, their families, and others from intruders and attackers *without fear of prosecution* or civil action for acting in defense of themselves and others." We agree with the circuit court that the legislature intended defendants be shielded from trial if they use deadly force as outlined under the Act. Immunity under the Act is therefore a bar to prosecution and, upon motion of either party, must be decided prior to trial. Accordingly, we find the trial court properly made a pre-trial determination of respondent's immunity.

## II. *Respondent's immunity under the Act*

The State argues the circuit court erred in finding respondent was entitled to immunity under the Act. We disagree.

The circuit court found that, applying any standard of proof, respondent would be entitled to immunity under the Act.

The proper standard of proof in determining immunity under the Act is also a novel issue in this state. Other states have addressed this matter. In *Dennis*, the Florida Supreme Court rejected the State's argument that the pre-trial hearing on immunity should test merely whether the State has probable cause to believe the defendant's use of force was not legally justified. *Dennis*, 51 So.3d at 463. Specifically, the *Dennis* court found the grant of immunity from "criminal prosecution" under the statute "must be interpreted in a manner that provides the defendant with more protection from prosecution for a justified use of force than the probable cause determination previously provided to the defendant by

rule." *Id.* Accordingly, the court found the procedure set out in *Peterson, supra,* best effectuated the intent of the legislature. The *Peterson* court held that when a defendant raises the question of statutory immunity pre-trial, the trial court must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches. *Peterson,* 983 So.2d at 29.

Likewise, we hold that when a party raises the question of statutory immunity prior to trial, the proper standard for the circuit court to use in determining immunity under the Act is a preponderance of the evidence. Turning to the facts of this case, we find there is evidence to support the circuit court's finding that respondent was entitled to immunity. Templeton's testimony and statements showed that, at the time the victim was shot, she was between the victim and respondent, trying to remove the victim from the dwelling. The victim, however, continued to force his way onto the porch. We find respondent showed by a preponderance of the evidence that the victim was in the process of unlawfully and forcefully entering respondent's home in accordance with § 16–11–440. Accordingly, the circuit court properly found respondent was entitled to immunity under the Act.

We further find the circuit court's order of dismissal was proper because it found respondent was entitled to immunity under the Act under any standard of proof. In other words, had the circuit court held respondent to a stricter standard of proof, such as clear and convincing evidence or even proof beyond a reasonable doubt, the circuit court would have nonetheless found respondent was entitled to immunity.

## CONCLUSION

We conclude a pre-trial determination of immunity under the Act using a preponderance of the evidence standard is proper and that respondent was entitled to immunity under the Act. Accordingly, the findings of the circuit court are

**AFFIRMED.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.