**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Interest of Shemar V., a Juvenile Under the Age of Seventeen, Appellant.

Appellate Case No. 2012-213220

Appeal From Cherokee County
James F. Fraley, Jr., Family Court Judge

Unpublished Opinion No. 2014-UP-179
Submitted April 1, 2014 – Filed April 30, 2014

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

**PER CURIAM:** Shemar V. was adjudicated delinquent by the family court for third-degree assault and battery. He appeals, arguing (1) the family court improperly denied his motion to dismiss the charges pursuant to the South Carolina Protection of Persons and Property Act, S.C. Code Ann. §§ 16-11-410 to -450 (Supp. 2013), (2) the family court erred by failing to grant his directed verdict

motion, (3) the family court erred by not finding he was acting in self-defense.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the South Carolina Protection of Persons and Property Act: *In re Jamal G.*, 396 S.C. 158, 163, 720 S.E.2d 62, 64 (Ct. App. 2001) (holding in an appeal from a family court delinquency proceeding that this court reviews errors of law only); *In re John Doe*, 318 S.C. 527, 534, 458 S.E.2d 556, 561 (Ct. App. 1995) (holding this court must affirm an adjudication of delinquency unless it is unsupported by the evidence); S*tate v. Brannon*, 379 S.C. 487, 495, 666 S.E.2d 272, 276 (Ct. App. 2008) ("The cardinal rule of statutory interpretation is to determine the intent of the legislature."); *id*. ("The legislature's intent should be ascertained primarily from the plain language of the statute."); *id*. at 496, 666 S.E.2d at 276  ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will."); *id*. ("The words of a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction."); S.C. Code Ann. § 16-11-440(C) (Supp. 2013) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he *reasonably* believes it is necessary to prevent death or great bodily injury to himself . . . or to prevent the commission of a violent crime as defined in [s]ection 16-1-60." (emphasis added)); S.C. Code Ann. § 16-11-430(2) (Supp. 2013) (defining great bodily injury as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of a bodily member or organ"); S.C. Code Ann. § 16-11-450(A) (Supp. 2013) ("A person who uses deadly force as permitted by the provisions of this article . . . is justified in using deadly force and is immune from criminal prosecution . . . for the use of deadly force . . . ."); *State v. Duncan*, 392 S.C. 404, 411, 709 S.E.2d 662, 665 (2011) (stating "when a party raises the question of statutory immunity prior to trial, the proper standard for the circuit court to use in determining immunity under the [South Carolina Protection of Persons and Property] Act is a preponderance of the evidence").

2. As to the directed verdict: *State v. Adams*, 332 S.C. 139, 144, 504 S.E.2d 124, 126-27 (Ct. App. 1998) (stating if a defendant presents evidence after the denial of his directed verdict motion at the close of the State's case, he must make another directed verdict motion at the close of all evidence in order to appeal the sufficiency of the evidence).

3. As to the self-defense argument: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 697, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.