**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Rogers, Appellant.

Appellate Case No. 2011-201326

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2014-UP-332
Heard January 7, 2014 – Filed September 17, 2014

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan Wilson and Senior Assistant Deputy Attorney General Salley W. Elliott, both of Columbia, for Respondent.

**PER CURIAM:** Michael Rogers appeals his conviction for voluntary manslaughter, arguing the circuit court erred in denying his motion to dismiss

under the defense of habitation and the Protection of Persons and Property Act ("the Act").[1]  We affirm.

We find Rogers did not preserve the defense of habitation argument for appellate review because he never argued he was immune from prosecution pursuant to defense of habitation in either his pretrial motion to dismiss or at any time during his trial.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court].  Issues not raised and ruled upon in the [circuit] court will not be considered on appeal."); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("[A] party may not argue one ground at trial and an alternate ground on appeal."); *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground.").

Additionally, Rogers argues he was immune from prosecution by referencing the Act and comparing the instant case to *State v. Duncan*, 392 S.C. 404, 411, 709 S.E.2d 662, 665 (2011).[2]  We disagree and find the circuit court properly denied Rogers' motion to dismiss because Rogers failed to carry his burden of proof and establish by a preponderance of the evidence that he was permitted to use deadly force under any section of the Act or other applicable provision of law.  *See*  S.C. Code Ann. § 16-11-450(A) (Supp. 2013) ("A person who uses deadly force as permitted by the provisions of this article or another applicable provision of law is justified in using deadly force and is immune from criminal prosecution and civil action for the use of deadly force . . . .");  S.C. Code Ann. § 16-11-440(A) (Supp. 2013) ("A person is presumed to have a reasonable fear of imminent peril of death or great bodily injury to himself or another person when using deadly force that is intended or likely to cause death or great bodily injury to another person if the person: (1) against whom the deadly force is used is in the process of unlawfully and forcefully entering, or has unlawfully and forcibly entered a dwelling, residence, or occupied vehicle, or if he removes or is attempting to remove another person against his will from the dwelling, residence, or occupied vehicle; and (2)

---

[1] *See* S.C. Code Ann. §§ 16-11-410 to -450 (Supp. 2013).

[2] In *Duncan*, our supreme court held a defendant is immune from prosecution under the Act when he is justified in using deadly force to prevent the victim from unlawfully and forcibly entering his home.  392 S.C. at 411, 709 S.E.2d at 665.

who uses deadly force knows or has reason to believe that an unlawful and forcible entry or unlawful and forcible act is occurring or has occurred."); S.C. Code Ann. § 16-11-440(C) (Supp. 2013) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime . . . ."); *State v. Curry*, 406 S.C. 364,  371, 752 S.E.2d 263, 266 (2013) (stating that for a defendant to be entitled to immunity under the Act, "[c]onsistent with the Castle Doctrine and the text of the Act, a valid case of self-defense must exist . . . ."); *State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011) ("A person is justified in using deadly force in self-defense when: (1) The defendant was without fault in bringing on the difficulty; (2) The defendant . . . actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger; (3) If the defense is based upon the defendant's actual belief of imminent danger, a reasonable prudent man of ordinary firmness and courage would have entertained the same belief . . . ; and (4) The defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance." (citation omitted)); *State v. Hewitt*, 205 S.C. 207, 212, 31 S.E.2d 257, 258 (1944) ("[O]ne attacked, *without fault on his own part*, on his own premises, has the right in establishing his plea of self-defense, to claim immunity from the law of retreat, which ordinarily is an essential element of that defense." (emphasis added)).

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**