**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jabari Linnen, Appellant.

Appellate Case No. 2012-213026

---

Appeal From Beaufort County
Diane Schafer Goodstein, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-212
Heard March 2, 2015 – Filed April 22, 2015

---

**AFFIRMED**

---

James Andrew Byars, Nexsen Pruet, LLC, and Chief
Appellate Defender Robert Michael Dudek, both of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General John Benjamin Aplin, both of
Columbia, and Solicitor Isaac McDuffie Stone, III, of
Bluffton, for Respondent.

---

**PER CURIAM:** Jabari Linnen appeals his convictions of assault and battery of a high and aggravated nature and the possession of a firearm during the commission of a violent crime, arguing the trial court erred in denying his request for a jury charge on the Protection of Persons and Property Act (the Act). *See* S.C. Code Ann. §§ 16-11-410 to -450 (Supp. 2014). We affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-11-450(A) (Supp. 2014) ("A person who uses deadly force as permitted by the provisions of [the Act] or another applicable provision of law is justified in using deadly force and is immune from criminal prosecution . . . for the use of deadly force . . . ."); *State v. Duncan*, 392 S.C. 404, 410, 709 S.E.2d 662, 665 (2011) (stating the Legislature's use of the words "immune from criminal prosecution" evidences an intent "to create a true immunity, and not simply an affirmative defense"); *id.* ("Immunity under the Act is therefore a bar to prosecution and, upon motion of either party, must be decided prior to trial."); *State v. Marin*, 404 S.C. 615, 625, 745 S.E.2d 148, 153-54 (Ct. App. 2013), *cert. granted*, S.C. Sup. Ct. Order dated Oct. 23, 2014 (finding a trial court should not charge the jury on the Act because subsection 16-11-450(A) of the Act "does not contain any substantive provisions of law[; r]ather, it is a procedural subsection under which the circuit court may grant immunity from prosecution before a trial begins"); *see also State v. Curry*, 406 S.C. 364, 373, 752 S.E.2d 263, 267 (2013) (finding subsection 16-11-440(C) of the Act should not have been charged to the jury because "the trial court had denied Appellant immunity"); *id.* at 375, 752 S.E.2d at 268 (Pleicones, J., concurring in part and dissenting in part) (explaining "[w]hile a criminal defendant is entitled to have the issue of statutory immunity decided prior to trial by a judge, once the case goes to trial[,] a defendant's right to a jury charge on these defenses is determined under common law principles").

**AFFIRMED.**

**FEW, C.J., and SHORT and LOCKEMY, JJ., concur.**