**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Calvin Jermaine Pompey, Respondent.

Appellate Case No. 2013-001769

Appeal From Marion County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2015-UP-280
Submitted March 1, 2015 – Filed June 10, 2015

**AFFIRMED**

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Alphonso Simon, Jr., all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Appellant.

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Respondent.

**PER CURIAM:**  The State appeals a circuit court decision granting Calvin Jermaine Pompey immunity from prosecution for murder pursuant to the Protection of Persons and Property Act[1] (the Act).  The State argues no evidence supports the circuit court's finding that the victim was in the process of forcefully entering, or had forcibly entered, Pompey's vehicle when Pompey shot him.  We affirm.

The State indicted Pompey for murder alleging he shot and killed the victim outside a nightclub in Marion.  Pompey filed a motion to dismiss the indictment on the ground that he was immune from criminal prosecution under the Act.  The circuit court conducted an evidentiary hearing and received testimony from four witnesses, including Pompey, his brother-in-law, the nightclub owner, and a companion of the victim.  *See State v. Duncan*, 392 S.C. 404, 410-11, 709 S.E.2d 662, 665 (2011) (requiring the circuit court to conduct, upon motion of either the defendant or the State, a pretrial evidentiary hearing and decide by a preponderance of the evidence presented during the hearing whether the defendant is immune from criminal prosecution under the Act).

The circuit court granted the motion to dismiss, finding Pompey showed by a preponderance of the evidence that the victim was attempting to forcefully enter the vehicle occupied by Pompey when Pompey shot him.  *See* S.C. Code Ann. § 16-11-440(A)(1) (Supp. 2014) (providing a defendant is entitled to a presumption of reasonable fear of imminent peril of death or great bodily injury if the defendant uses deadly force against a person who "is in the process of unlawfully and forcefully entering, or has unlawfully and forcibly entered a[n] . . . occupied vehicle"); § 16-11-440(D) (stating an aggressor "who unlawfully and by force enters or attempts to enter a person's . . . occupied vehicle is presumed to be doing so with the intent to commit an unlawful act involving force or a violent crime as defined in Section 16-1-60").  Accordingly, the circuit court ruled Pompey was entitled to the legal presumptions in section 16-11-440, and thus was immune from criminal prosecution under the Act.  *See* § 16-11-450(A) (stating "[a] person who uses deadly force as permitted by the provisions of this article . . . is justified in using deadly force and is immune from criminal prosecution").

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (Supp. 2014).

We find the circuit court did not abuse its discretion in determining by a preponderance of the evidence that the victim was in the process of forcefully entering Pompey's vehicle in accordance with section 16-11-440. *See State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."). The unrebutted eyewitness testimony showed Pompey and two friends were sitting in a parked car outside the nightclub when the uninvited victim rapidly approached the vehicle. Pompey was in the front passenger seat and his door was open. The nightclub owner, who was standing nearby, begged the victim not to go to the car, but the victim continued advancing. While approaching the vehicle, the victim had his hand under his shirt in his waistband, a typical place to keep a weapon. The victim reached and leaned inside the vehicle towards Pompey, actions causing Pompey to lean back and shoot the victim. The uncontroverted testimony showed the victim was inside the vehicle and "on top of" Pompey when Pompey shot him.

The evidence supports the circuit court's finding that the victim was forcing his way into the vehicle when Pompey shot him. *See generally State v. Douglas*, Op. No. 5286 (S.C. Ct. App. filed Dec. 23, 2014) (Shearouse Adv. Sh. No. 51 at 60) (affirming the circuit court's grant of immunity and recognizing "the appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the [circuit] court's ruling is supported by any evidence" (internal quotation marks and citation omitted)). We therefore affirm the circuit court's ruling granting Pompey immunity from prosecution.

**AFFIRMED.**[2]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.