**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Taquan L. Brown, Appellant.

Appellate Case No. 2015-001447

Appeal From Colleton County
Perry M. Buckner, III, Circuit Court Judge

Unpublished Opinion No. 2017-UP-315
Submitted June 1, 2017 – Filed July 26, 2017

**AFFIRMED**

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

**PER CURIAM:** Taquan L. Brown appeals his convictions of voluntary manslaughter, obstruction of justice, and possession of a weapon during the commission of a violent crime and his consecutive sentence of thirty years'

imprisonment.  On appeal, Brown argues the trial court erred in (1) finding he was not immune from prosecution under the Protection of Persons and Property Act[1] (the Act) and (2) denying his motion for a directed verdict.  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Issue 1: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); *Semken v. Semken*, 379 S.C. 71, 75, 664 S.E.2d 493, 496 (Ct. App. 2008) ("A preponderance of the evidence stated simply is that evidence which convinces as to its truth."); *Maybank v. BB&T Corp.*, 416 S.C. 541, 567, 787 S.E.2d 498, 511 (2016) ("An abuse of discretion occurs when the decision of the trial court is unsupported by the evidence or controlled by an error of law."); *State v. Duncan*, 392 S.C. 404, 410, 709 S.E.2d 662, 665 (2011) ("[T]he legislature intended defendants be shielded from trial if they use deadly force as outlined under the Act.  Immunity under the Act is therefore a bar to prosecution and, upon motion of either party, must be decided prior to trial."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime . . . ."); *Curry*, 406 S.C. at 372, 752 S.E.2d at 267 (stating immunity under the Act "is predicated on an accused demonstrating the elements of self-defense to the satisfaction of the trial court by the preponderance of the evidence"); *State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984) (outlining the elements of self-defense as the following: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger; (3) if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief; and (4) the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance); *State v. Wigington*, 375 S.C. 25, 32, 649 S.E.2d 185, 188 (Ct. App. 2007) ("Any act of the accused in violation of law and reasonably calculated to produce the occasion amounts to bringing on the difficulty and bars his right to

---

[1] S.C. Code Ann. §§ 16-11-410 to 450 (2015).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

assert self-defense as a justification or excuse for a homicide." (quoting *State v. Bryant*, 336 S.C. 340, 345, 520 S.E.2d 319, 322 (1999))); *id.* at 31-32, 649 S.E.2d at 188 (finding the defendant's conduct could be reasonably calculated to bring about the difficulty because he injected himself into a verbal argument between other people, removed himself from the presence of the controversy, and returned with a loaded gun).

2.  As to Issue 2: *State v. Dickey*, 394 S.C. 491, 498-99, 716 S.E.2d 97, 100 (2011) ("In criminal cases, the appellate court only reviews errors of law and is clearly bound by the trial court's factual findings unless the findings are clearly erroneous."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("A defendant is entitled to a directed verdict when the state fails to produce evidence of the offense charged."); *id.* ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); *State v. Hendrix*, 270 S.C. 653, 657, 244 S.E.2d 503, 505 (1978) ("[U]nless it can be said as a matter of law that self-defense was established, it was not error to submit the case to the jury."); *Curry*, 406 S.C. at 372, 752 S.E.2d at 267 (finding that because the witnesses' testimonies varied substantially, the defendant's "claim of self-defense present[ed] a quintessential jury question, which, most assuredly, is not a situation warranting immunity from prosecution").

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**