# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Jeffrey Dana Andrews, Respondent.

Appellate Case No. 2018-001765

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

---

Opinion No. 27894
Submitted May 7, 2019 – Filed June 19, 2019

---

## AFFIRMED AS MODIFIED

---

Attorney General Alan McCrory Wilson and Assistant
Attorney General Scott Matthews, both of Columbia, and
Solicitor Ernest A. Finney, III, of Sumter, all for
Petitioner.

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Respondent.

---

**PER CURIAM:**   The State of South Carolina has filed a petition for a writ of
certiorari asking this Court to review the Court of Appeals' decision in *State v.*

*Andrews*, 424 S.C. 304, 818 S.E.2d 227 (Ct. App. 2018).  We grant the petition, dispense with further briefing, and affirm as modified.

## I.

The facts in this case are fully and accurately set forth in the Court of Appeals' opinion.  After a fatal shooting at Respondent's home, Respondent was indicted for murder and possession of a weapon during the commission of a violent crime.  Respondent moved to dismiss the charges pursuant to the Protection of Persons and Property Act[1] (the Act) on the ground he shot the victim in self-defense.

During the pre-trial immunity hearing, Respondent claimed that, after an altercation and being threatened by the victim, Respondent shot the victim in the threshold of the front door as the victim attempted to reenter his home.  Respondent's father corroborated Respondent's version of events.  However, another eyewitness, the victim's girlfriend and Respondent's cousin, testified the victim was attempting to peacefully leave Respondent's home and that Respondent followed the victim out of the home, shooting him on the porch.  Additional forensic evidence was presented at the hearing, but it did not conclusively support either version of events.

At the conclusion of the immunity hearing, the circuit court rejected Respondent's argument.  Relying on *State v. Douglas*, 411 S.C. 307, 768 S.E.2d 232 (Ct. App. 2014), the circuit court held:

> The burden clearly is by the preponderance of the evidence.  Not the normal criminal case law beyond a reasonable doubt. . . . The testimony in this case from the witnesses and from the defendant have been at least very inconsistent.  The testimony has been conflicting as to what the different witnesses saw and what happened on the night in question.  And therefore, I find that the defendant has not met [his] burden of proving to me by a preponderance of the evidence, and therefore a request for immunity is hereby denied.

Ultimately, the Court of Appeals affirmed the circuit court's denial of immunity, but reversed Respondent's convictions based on a separate evidentiary issue.

While we agree with the result reached by the Court of Appeals, we granted the petition for a writ of certiorari to reiterate the impact of our recent decision in *State*

---

[1] S.C. Code Ann. §§ 16–11–410 to –450 (2015 & Supp. 2017).

*v. Cervantes-Pavon*, Op. No. 27872 (S.C. Sup. Ct. filed Mar. 27, 2019).

## II.

When the Act was passed, the process for requesting immunity from prosecution was unclear. Therefore, in *State v. Duncan*, we interpreted the Act and provided procedural guidance, instructing that the hearing was properly held prior to trial and the burden of proof is by a preponderance of the evidence. 392 S.C. 404, 709 S.E.2d 662 (2011).

Shortly after *Duncan* was decided, this Court heard *State v. Curry*, 406 S.C. 364, 752 S.E.2d 263 (2013). However, at the time of the *Curry* trial, which occurred three years before the appeal to this Court, we had not yet decided *Duncan*. Thus, the parties and the circuit court did not have the benefit of the guidance provided by *Duncan* as to the proper procedure through which an immunity determination should be requested. Consequently, in *Curry*, the defense attorney requested immunity at the directed verdict stage of trial, and the accused was ultimately denied immunity from prosecution. 406 S.C. at 369, 752 S.E.2d at 265. In *Curry*, we explained the accused's "claim of self-defense presented a quintessential jury question," which did not warrant immunity from prosecution, and therefore, we held the claim was properly submitted to the jury, with the claim of self-defense having been fully presented at that stage of trial. 406 S.C. at 372, 752 S.E.2d at 267. This excerpt from *Curry* has been the source of much confusion for the bench and bar. We take this opportunity to emphasize that aspect of *Curry* was related to its specific and unique procedural posture at trial—a motion for directed verdict— and was not intended to allow circuit courts to automatically deny immunity in cases with conflicting evidence.

Most recently, in *Cervantes-Pavon*, we revisited the Act, ultimately reversing the circuit court's denial of immunity and remanding for a new immunity hearing. We found the circuit court's immunity hearing was controlled by multiple errors of law, including a misapplication of *Curry*. We rejected the circuit court's finding that the conflicting evidence presented a jury question, supporting a denial of immunity, and we held: "[b]ut just because conflicting evidence as to an immunity issue exists does not automatically require the court to deny immunity; the court must sit as the fact-finder at this hearing, weigh the evidence presented, and reach a conclusion under the Act." Thus, the relevant inquiry is not merely whether there is a conflict in the evidence but, rather, whether the accused has proved an entitlement to immunity under the Act by a preponderance of the evidence.

In the instant case, the circuit court correctly cited the preponderance of the evidence standard and explicitly relied on *Douglas*; a case in which the circuit court gave careful consideration to the issue of immunity, making detailed findings of fact and conclusions of law in determining whether the accused had shown an entitlement to immunity by a preponderance of the evidence. 411 S.C. at 320, 768 S.E.2d at 240. Here, while the circuit court may not have set forth every detail of its analysis in the record, the record is nevertheless adequate for a reviewing court to determine that the circuit court applied the correct burden of proof and made findings that supported its denial of immunity consistent with a correct application of this Court's precedent. Thus, we find no error in the circuit court's application of the law.

To the extent the Court of Appeals relied upon the portion of *Curry* relating to the directed verdict procedural posture in affirming the circuit court's denial of immunity in this case, we vacate that portion of the Court of Appeals' opinion. Accordingly, we affirm the Court of Appeals as modified.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**