**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

John W. McCarty, Appellant.

Appellate Case No. 2017-002377

Appeal From Pickens County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2020-UP-269
Submitted June 1, 2020 – Filed September 23, 2020

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Michael Douglas Ross, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:**  John McCarty appeals his convictions for murder and possession of a weapon during the commission of a violent crime and concurrent sentences of thirty years' imprisonment for murder and five years' imprisonment for possession of a weapon during the commission of a violent crime.  On appeal, McCarty argues the trial court erred in failing to resolve evidentiary conflicts at the immunity hearing and denying his request for immunity under the Protection of Persons and Property Act (the Act).[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find the trial court did not err in failing to resolve evidentiary conflicts or in abdicating its role by finding whether Randy Wilson, the person McCarty was protecting, acted in self-defense was a jury question.  The trial court recounted the correct burden of proof for a grant of immunity under the Act and stated it considered the evidence presented at the immunity hearing before finding McCarty failed to meet his burden of proof.  The trial court then found whether Wilson was at fault in bringing on the difficulty presented a jury question.  Accordingly, the trial court did not abdicate its role when finding one of the elements of self-defense presented a jury question.  *See State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [an appellate] court reviews under an abuse of discretion standard of review."); *id.* at 371, 752 S.E.2d at 266 ("[T]he trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity.  This includes all elements of self-defense, save the duty to retreat."); *id.* at 371 n.4, 752 S.E.2d at 266 n.4 (stating the four elements of self-defense include: (1) "the defendant must be without fault in bringing on the difficulty"; (2) "the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger"; (3) "if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief.  If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life"; and (4) "the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance"); *State v. Starnes*, 340 S.C. 312, 322-23, 531 S.E.2d 907, 913 (2000) ("Under the theory of defense of others, one is not guilty of taking the life of an assailant who assaults a friend, relative, or bystander if that friend, relative, or

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).

bystander would likewise have the right to take the life of the assailant in self-defense."); *State v. Cervantes-Pavon*, 426 S.C. 442, 451, 827 S.E.2d 564, 568 (2019) ("Some cases in which a defendant seeks immunity under the Act may present a 'quintessential jury question' regarding self-defense."); *id.* at 451, 827 S.E.2d at 569 ("[J]ust because conflicting evidence as to an immunity issue exists does not automatically require the court to deny immunity; the court must sit as the fact-finder at [the immunity] hearing, weigh the evidence presented, and reach a conclusion under the Act."); *State v. Andrews*, 427 S.C. 178, 181, 830 S.E.2d 12, 13 (2019) (explaining "the relevant inquiry is not merely whether there is a conflict in the evidence but, rather, whether the accused has proved an entitlement to immunity under the Act by a preponderance of the evidence"); *id.* at 182, 830 S.E.2d at 14 (finding "while the circuit court may not have set forth every detail of its analysis in the record, the record is nevertheless adequate for a reviewing court to determine that the circuit court applied the correct burden of proof and made findings that supported its denial of immunity . . .").

2.  We find the trial court did not err in denying McCarty's immunity request because McCarty failed to prove by a preponderance of the evidence that Wilson was not at fault in bringing on the difficulty and therefore entitled to self-defense. *See Curry*, 406 S.C. at 370, 752 S.E.2d at 266 ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [an appellate] court reviews under an abuse of discretion standard of review."); *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166-67 (2007) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime . . . ."); S.C. Code Ann. § 16-11-450(A) (2015) ("A person who uses deadly force as permitted by the provisions of this article . . . is immune from criminal prosecution and civil action for the use of deadly force . . . ."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("[T]he trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity.  This includes all elements of self-defense, save the duty to retreat."); *Starnes*, 340 S.C. at 322-23, 531 S.E.2d at 913 ("Under the theory of defense of others, one is not guilty of taking the life of an assailant who assaults a friend, relative, or bystander if that friend, relative, or bystander would likewise have the right to take the life of the assailant in self-defense.");

*Cervantes-Pavon*, 426 S.C. at 451, 827 S.E.2d at 568 ("Some cases in which a defendant seeks immunity under the Act may present a 'quintessential jury question' regarding self-defense."); *Curry*, 406 S.C. at 372, 752 S.E.2d at 267 (noting the defendant's "claim of self-defense present[ed] a quintessential jury question, which, most assuredly, is not a situation warranting immunity from prosecution").

**AFFIRMED.**[2]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.