**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lorenzo Guillermo Daniel Calderon, Appellant.

Appellate Case No. 2018-001707

―――――――――――

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2021-UP-323
Submitted April 1, 2021 – Filed September 8, 2021

―――――――――――

**AFFIRMED**

―――――――――――

M. Claire Hall, of Greenville, and Chief Appellate
Defender Robert Michael Dudek, of Columbia, both for
Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia; and  Solicitor Barry Joe Barnette, of
Spartanburg, all for Respondent.

―――――――――――

**PER CURIAM:** Appellant, Lorenzo Guillermo Daniel Calderon, appeals from his accessory after the fact to murder conviction. He asserts the trial court erred in (1) denying him derivative immunity from prosecution pursuant to the Protection of Persons and Property Act (the Act) based upon his co-defendant's entitlement to immunity for the underlying murder; (2) failing to direct a verdict for him on the charge of accessory after the fact of a felony; (3) allowing the introduction of evidence of prior wrongs or acts by him; and (4) allowing the introduction of a gun into evidence that was irrelevant and inconsequential to the accessory charge and was unfairly prejudicial, confusing, and misleading. We affirm.

1.      We find no error in the denial of immunity under the Act. Our review of the record shows the trial court applied the proper burden of proof, and the evidence supports its determination that Appellant's co-defendant was at fault in bringing on the difficulty. *See State v. Curry*, 406 S.C. 364, 372, 752 S.E.2d 263, 267 (2013) ("[I]mmunity is predicated on an accused demonstrating the elements of self-defense to the satisfaction of the trial court by the preponderance of the evidence."); *State v. Scott*, 424 S.C. 463, 471, 819 S.E.2d 116, 119 (2018) (noting our appellate courts review immunity determinations for an abuse of discretion—which occurs when the trial court's ruling is without evidentiary support—and if the trial court's findings are supported by the evidence, our standard of review requires that we uphold them); *State v. Cervantes-Pavon*, 426 S.C. 442, 449, 827 S.E.2d 564, 568 (2019) ("To warrant immunity [from prosecution under the Act], a movant must show [the perpetrator of the act] was without fault in bringing on the difficulty . . . ."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 (finding the General Assembly did not intend for the Act to be "construed to require a trial court to accept the accused's version of the underlying facts").

2.      We find Appellant failed to preserve the directed verdict argument he raises on appeal. *See State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) (providing that "simply mov[ing] for a directed verdict without stating any specific grounds" will not preserve a directed verdict issue for review); *id.* ("In reviewing a denial of [a] directed verdict, issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review."); *id.* ("A defendant cannot argue on appeal an issue in support of his directed verdict motion when the issue was not presented to the trial court below.").

3.      Appellant argues the trial court erred in admitting three separate pieces of evidence concerning (1) an Easter incident, (2) the source of the gun, and (3) his yelling at the victim earlier in the day. Appellant failed to raise any objection at trial when his co-defendant testified concerning the Easter incident and the source

of the gun evidence.  Accordingly, Appellant has failed to preserve for our review any issue with regard to admission of testimony concerning the Easter incident and the source of the gun used to shoot the victim.  *See State v. Wood*, 362 S.C. 520, 526, 608 S.E.2d 435, 438 (Ct. App. 2004) ("In most cases, making a motion *in limine* to exclude evidence at the beginning of trial does not preserve an issue for review because a motion *in limine* is not a final determination.  Thus, the moving party must make a contemporaneous objection when the evidence is introduced." (citation omitted)); *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review.").

We further find no error in the admission of evidence that, earlier on the day of the shooting, Appellant yelled out at Victim something to the effect of "don't get caught lacking."  The witness who testified to this statement twice stated that he did not know what was meant by the phrase.  If there is no negative connotation from the phrase, it could not have prejudiced Appellant.  On the other hand, if the phrase was yelled at the victim as a taunt or a challenge, it was probative of the animosity Appellant had for the victim such that the jury could infer Appellant had a motive to help his co-defendant escape after the co-defendant shot the victim.  This evidence, then, was relevant to establish the dynamic between the victim and these defendants.  Further, the danger of unfair prejudice from any inference the jury could draw from this evidence is slight compared to its probative value.  Accordingly, its probative value was not substantially outweighed by the danger of unfair prejudice to Appellant.  *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."); *State v. Bratschi*, 413 S.C. 97, 115, 775 S.E.2d 39, 66 (Ct. App. 2015) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *State v. Dennis*, 402 S.C. 627, 636, 742 S.E.2d 21, 26 (Ct. App. 2013))); *id.* ("All evidence is meant to be prejudicial; it is only *unfair* prejudice which must be avoided." (quoting *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998))); *State v. Thompson*, 420 S.C. 386, 398-99, 803 S.E.2d 44, 50 (Ct. App. 2017) (finding no error in the admission of a letter that may have invited speculation because the danger of unfair prejudice from such speculation was slight compared to its relevancy).

As to Appellant's argument that the trial court erred in allowing the State to repeatedly refer to the contested testimony of the aforementioned prior acts while

insinuating a plan or scheme between Appellant and his co-defendant with respect to the victim—thereby allowing the State the latitude to suggest Appellant committed a crime for which he was not charged or tried—we note this particular contention was not raised as a stated issue on appeal. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."). Further, this conjoined argument was not raised to the trial court, i.e., defense counsel never argued to the trial court that the complained of evidence was improper in conjunction with the solicitor's questioning concerning a plan or scheme between the defendants. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

4.       We also find no error warranting reversal in the admission of the modified gun evidence. The trial court specifically instructed the jury that evidence concerning this weapon was offered solely against Appellant's co-defendant and not against Appellant, there was no connection between this weapon and Appellant, and the jury was not to consider that evidence in any way against Appellant. Accordingly, even if erroneously admitted, Appellant was not prejudiced by admission of the modified weapon evidence. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice."); *id.* ("Prejudice occurs when there is [a] reasonable probability the wrongly admitted evidence influenced the jury's verdict."); *State v. Santiago*, 370 S.C. 153, 162, 634 S.E.2d 23, 28 (Ct. App. 2006) ("For an error to warrant reversal . . . the error must result in prejudice to the appellant."); *State v. Grovenstein*, 335 S.C. 347, 353, 517 S.E.2d 216, 219 (1999) ("[J]urors are presumed to follow the law as instructed to them."); *Foye v. State*, 335 S.C. 586, 590 n.1, 518 S.E.2d 265, 267 n.1 (1999) ("A jury is presumed to follow instructions.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.