**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Walter Murrey, Appellant.

Appellate Case No. 2019-001795

———————

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-029
Submitted October 1, 2022 – Filed February 1, 2023

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek and
Appellate Defender Lara Mary Caudy, both of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, and
Assistant Attorney General Julianna E. Battenfield, all of
Columbia; and Solicitor Ernest Adolphus Finney, III, of
Sumter, all for Respondent.

———————

**PER CURIAM:**  Walter Murrey appeals his conviction and thirty-year sentence for murder.  On appeal, Murrey argues the trial court erred in denying his pretrial motion for immunity under the Protection of Persons and Property Act (the Act).[1]

The trial court correctly found Murrey did not prove by a preponderance of evidence the necessary elements of self-defense and was thus not eligible for immunity under the Act.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [an appellate] court reviews under an abuse of discretion standard of review."); *State v. Jones*, 416 S.C. 283, 290, 786 S.E.2d 132, 136 (2016) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 238 (Ct. App. 2014) ("[T]he abuse of discretion standard of review does not allow [an appellate] court to reweigh the evidence or second-guess the trial court's assessment of witness credibility."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force . . . if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . ."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("[T]he trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity [under subsection C].  This includes all elements of self-defense, save the duty to retreat."); *id.* at 371 n.4, 752 S.E.2d at 266 n.4 (delineating the remaining elements of self-defense, including that the defendant must believe "he was in imminent danger of losing his life or sustaining serious bodily injury" and the belief must be one "a reasonably prudent man of ordinary firmness and courage would have entertained," or the defendant "actually was in such imminent danger"); *State v. Andrews*, 427 S.C. 178, 182, 830 S.E.2d 12, 14 (2010) (finding "while the circuit court may not have set forth every detail of its analysis in the record, the record is nevertheless adequate for a reviewing court to determine that the circuit court applied the correct burden of proof and made findings that supported its denial of immunity"); *State v. McCarty*, 437 S.C. 355, 373-74, 878 S.E.2d 902, 912 (2022) ("[T]he relevant inquiry [in determining whether an accused person is entitled to immunity] is not merely whether there is a conflict in the evidence but, rather, whether the accused has proved an entitlement

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).

to immunity under the Act by a preponderance of the evidence." (quoting *Andrews*, 427 S.C. at 181, 830 S.E.2d at 13.)).

**AFFIRMED.**[2]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.