**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Justin T. Anderson, Respondent.

Appellate Case No. 2023-000943

———

Appeal From York County
Eugene C. Griffith, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-242
Submitted April 1, 2025 – Filed July 16, 2025

———

**AFFIRMED**

———

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia; and Solicitor Kevin Scott Brackett, of
York, all for Appellant.

Leland B. Greeley, of Rock Hill, for Respondent.

———

**PER CURIAM:** This appeal arises from the circuit court's grant of immunity to Justin T. Anderson. On appeal, the State argues the circuit court committed error by granting immunity to Anderson pursuant to the South Carolina Protection of

Persons and Property Act (The Act)[1] because (1) the circuit court granted immunity without making an actual determination on whether the "without fault for the difficulty" element of self-defense had been established as required; (2) Anderson was at fault for the difficulty because the language he used provoked the physical altercation; (3) Anderson did not reasonably need to use deadly force against his unarmed victim at the time he did; and (4) the circuit court erroneously concluded Anderson was only legally required to establish two of the four self-defense elements to be entitled to immunity. We affirm.

**STANDARD OF REVIEW**

"Circuit courts utilize pretrial hearings to determine whether a defendant is entitled to immunity under the Act, employing a preponderance of the evidence standard." *State v. Cervantes-Pavon*, 426 S.C. 442, 449, 827 S.E.2d 564, 567 (2019). Appellate courts "review[] an immunity determination for an abuse of discretion." *Id.* "An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *State v. Jones*, 416 S.C. 283, 290, 786 S.E.2d 132, 136 (2016).

The Act provides immunity from prosecution for a person who has used deadly force after a trial court determines the person was justified in using such force.

> A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime as defined in Section 16-1-60.

---

[1] The Act is informally known as the "Stand Your Ground Law" and was enacted by the South Carolina General Assembly in 2006 to provide a person "is immune from criminal prosecution and civil action for the use of deadly force" in circumstances that are permitted by the Act or by another provision of law. S.C. Code Ann. § 16-11-450(A) (2015); *State v. McCarty*, 437 S.C. 355, 366, 878 S.E.2d 902, 908 (2022).

§ 16-11-440(C). The Act provides immunity for "[a] person who uses deadly force as permitted by the provisions of this article or another applicable provision of law is justified in using deadly force and is immune from criminal prosecution and civil action for the use of deadly force . . . ."

§ 16-11-450(A). "'[A]nother applicable provision of law' includes the common law of self-defense." *State v. Glenn*, 429 S.C. 108, 117, 838 S.E.2d 491, 496 (2019). The general four elements a defendant must meet to justify the use of deadly force under the common law of self-defense are the following:

> First, the defendant must be without fault in bringing on the difficulty. Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness[,] and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life. Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance.

*Id.* at 116, 838 S.E.2d at 495.

**LAW/ANALYSIS**

*Without Fault for the Difficulty Element*[2]

The State argues the circuit court erred in granting immunity without making an actual determination on whether the "without fault for the difficulty" element had been established. Further, the State argues Anderson could not have been without

---

[2] We have combined issues one and two.

fault for bringing on the difficulty because the language he used provoked the altercation. We disagree. In *State v. Brooks*, our supreme court held that if a proprietor, while exercising the right to eject a trespasser, is assaulted and subjected to danger of losing life or suffering serious bodily harm, the proprietor would be justified in using self-defense. 252 S.C. 504, 510, 167 S.E.2d 307, 310 (1969). If the proprietor is engaged in the legitimate exercise in good faith of the right to eject, he or she would be without fault in bringing on the difficulty and would not be required to retreat. *Id.* Similarly, in *State v. Starnes*, our supreme court affirmed the circuit court's jury charge stating that if a proprietor, after ordering a trespasser to leave, is assaulted and subjected to danger justifying self-defense, and if the proprietor is acting in good faith to eject the trespasser, the proprietor would be without fault in bringing on the difficulty and would not have to retreat. 213 S.C. 304, 315, 49 S.E.2d 209, 213 (1948). Whether a proprietor legitimately exercised the right to eject a trespasser in good faith can turn on the language used during the interaction. *State v. Wiggins*, 330 S.C. 538, 546-47, 500 S.E.2d 489, 493-94 (1998).

Here, we find the circuit court did address the fault element of self-defense. The circuit court found Anderson had the right to eject trespassers. Under the subsection "Fault in Bringing on the Difficulty," the order first cites the language relating to a business proprietor's right to eject trespassers in good faith. The court acknowledges that language used during the interaction can lend itself to a determination of whether the proprietor was acting in good faith. The judge, acting as fact-finder, made a credibility finding that Victim was more exaggerated and less credible than the others. Based upon these findings and the language in the order, we hold the circuit court did not err.

*Use of Deadly Force*

The State argues Anderson did not reasonably need to use deadly force against Victim. We disagree. The circuit court found Anderson established by a preponderance of the evidence that he actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. It further found a reasonably prudent man of ordinary firmness would believe the same and if such danger actually existed, the circumstances warranted such a man to use deadly force to save himself. As fact-finder in an immunity hearing, the court is in a unique position to consider all of the factors. We hold the court properly determined Anderson actually believed he was in danger because of the physical confrontation initiated by Victim, and did not err in finding Anderson's use of deadly force was justified.

*Establishment of the Elements*

The State argues the circuit court erred when it found Anderson was only legally required to establish two elements of self-defense. We disagree. The court found Anderson, being in a place he had the right to be pursuant to section 16-11-440(C) of the Act, and as a business proprietor with the right to eject trespassers, only had to satisfy elements two and three of self-defense: that he actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger; and that a reasonably prudent man of ordinary firmness would have entertained that same belief. As to element one, the fault element, the court properly established Anderson was a business proprietor who, in good faith, exercised his right to eject a trespasser. Therefore, he was without fault in bringing on the difficulty. As to the fear elements two and three, the court, as fact-finder, found the testimony of the witnesses, Victim's initiation of physical contact, and his repeated returns to his vehicle established Anderson's fear and a reasonable man would have held the same belief. Based upon the foregoing facts considered by the circuit court in its order, and its credibility findings, we find Anderson had no other probable means of avoiding the danger than to act as he did. We find the circuit court's order properly addressed each element of self-defense and there was no abuse of discretion.

Based on the foregoing, the circuit court's grant of immunity is

**AFFIRMED.**[3]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.